[No. 1121, August 29, 1906.]

J. J. HAGERMAN, et al., Appellants, v. ALTHA MEEKS, et al., Appellees.

### SYLLABUS.

1st. The probate court of Lincoln county, appointed Arizona U. Gamble, guardian of the minor heir of Robert A. Gamble, deceased, and on the 29th day of October, 1888, duly appointed said Arizona U. Gamble, special guardian to sell the undivided interest of said minor heirs, in certain lands owned by their deceased father for the benefit of said heirs, upon petition of said guardian, in conformity with Sections 2052 and 2053, Compiled Laws of 1897; Held, that said court had jurisdiction to enter the order and judgment appointing said special guardian and for the sale of said lands, and their being no appeal taken from the said order and judgment, said judgment cannot be attacked collaterally in the present proceeding.

2nd. That Sections 2052 and 2053, Compiled Laws of 1897, which are a part of the laws of 1882 were not repealed either directly or by necessary implication, by the act of 1884, providing for the sale of lands of deceased persons to pay debts and conferring jurisdiction therefor upon the district courts.

Appeal from the district court of Chaves county, before WM. H. POPE, Associate Justice. Affirmed.

W. W. GATEWOOD and W. A. DUNN, for appellee.

The court erred in his finding that there was no testimony to show possession of the premises for the statutory period.

If it is contended that the plea of the statute of limitation was defective as to pleading, we answer that the plaintiffs had their remedy as to that either in a motion or demurrer and cannot now raise this point.

"If a plea of the statute of limitation is defective either in form or in substance, such defect is the subject of demurrer. If, however, there is no demurrer thereto, advantage cannot be taken of the defect after verdict.

Enc. P. & P. Vol. 13, p. 232.

The court erred in finding that the probate court of Lincoln county had no jurisdiction to decree the sale of real estate.

Section 1031, Compiled Laws, 1897.

The uncontradicted allegation of new matter in the answer, that one of the objects in said sale was to obtain means for the support of said minors, leaves that fact proved, whatever the evidence in that case may have been.

Davis v. Gains, 104 U. S. 386.

The following case seems to adjudicate the exact question involved in this case:

"When a petition for administration has been to a parish court in Louisiana containing a representation of all facts necessary to confer jurisdiction to grant administration to the public administrator and decree the sale of the property to pay debts, and such court, having power to inquire into the facts, and in the regular exercise of its jurisdiction, has made a decree granting administration and directing a sale such a decree cannot be ques-

tioned collaterally, either on the ground that the succession was not vacant, or that there were no debts, or that no notice of the proceedings was given to the parties interested."

Garrett v. Boeing, 68 Fed. 51.

The court erred in finding that the statute of 1885 repealed pro tanto the act of 1882.

The act of 1882 compiled as Sections 2052, 2053 and 2054, provided in general terms for the sale of real estate of minors.

Welch v. Cook, 97 U. S. 541, citing Beals v. Hale, 4 Howard 37; Ex parte Yerger, 8 Wallace 85; Wilmont v. Mudge, 103 U. S. 217; Railway Company v. U. S. 127 U. S. 406, citing Wood v. U. S. 16 Peters 342.

"But repeals by implication are not favored, and when two statutes cover in whole or in part the whole matter and are not absolutely irreconcilable, effect should be given if possible to both of them.

U. S. v. Greathouse, 166 U. S. 601, citing Frost v. Wenie, 157 U. S. 46; U. S. v. Healey, 160 U. S. 36.

"Implied repeals are not favored, and where they exist, the implication must be necessary. There must be a positive repugnance between the old and the new."

Cortesy v. Territory, 7 N. M. 99.

RICHARDSON, REID & HERVEY, for appellants.

No new matter was in fact pleaded by appellants, and their answers were tantamount to pleas of general denial and not guilty, and nothing more.

"The defendant may plead, not guilty, and under such plea give in evidence any testimony showing that the plaintiff is not entitled to such possession, or that the title is in some other person."

Comp. Laws, 1897, Sec. 3165.

"A fact that is inconsistent with those stated in the complaint, may, if competent and relevant, be proved in support of a denial, but it should not be pleaded; and if pleaded, it is not a defense of new matter, and does not call for a reply."

---

Hagerman v. Meeks.

---

Siemons v. Green, 35 A. S. 104; Clink v. Thurston, 47 Cal. 21.

The lapse of time defeats the title, not merely the remedy, and is asserted in denial of ownership, not in confession and avoidance

Phil. Pl. Sec. 382; Kyser v. Cannon, 29 O. St. 359; Rhodes v. Gunn, 35 O. St. 387; B. & O. R. R. v. Walker, 45 O. S. 577; Pom. Rem. Sec. 630.

"New matter is where the contract is admitted and the matter set up avoids the contract—not where the new matter set up denies the contract."

Manning v. Winter, 7 Hun. (N. Y.) 482; Phil. Pl. Sec. 268, citing, Hoffman v. Gordon, 15 O. S. 211; Pom. Rem. Secs. 614, 625. 1 Enc. Pl. and Pr. 830.

"It is a general rule of construction that the character and effect of a pleading are to be determined by reference to the substance of its averments, and not by reference to its form, or to the name or designation given it by the pleader.

Phil. Pl. Sec. 354, citing, Klonne v. Bradstreet, 7 O. S. 322; Wiswell v. Cong. Ch. of Cin. 14 O. S. 31; Springer v. Dwyer, 50 N. Y. 19.

Nothing having been admitted, and proof being required in support of the defense, and no evidence being offered, the court properly found against the defendant and intervenors.

Hill v. Bailey, 8 Mo. App. 85, 87, cited in 1 Cyc. of Law and Pro. 1141; 15 Cyc. Law and Pro. 99, 100; 13 Ency. Pl. & Pr. 181-185; Gilman v. Gilman, 111 N. Y. 265; Brick v. Tucker, 42 Cal. 346; Sheldon v. Van Vleck, 106, Ill. 45; Miller v. Beck, 68 Mich. 76.

Probate courts have no jurisdiction to decree the sale of real estate for the purpose of paying indebtedness of a decedent.

Comp. Laws, 1897, Secs. 2066-2086;

No court had the power and jurisdiction to order the sale of the land in controversy for the payment of

debts of the decedent, until a patent for said land had issued by the government.

> Rev. Stat. U. S. Sec. 2296; Towner v. Rodegeb, 33 Wash. 153, 74 Pac. 50; Dickerson v. Cuthburt, 56 Mo. App. 647; Lewton v. Hower, 18 Fla. 872; J. B. Watkins Land Mortgage Co. v. Mullen, 54 Pac. (Kan.) 921.

## SUPPLEMENTAL BRIEF FOR APPELLANTS.

"It is a fundamental rule of code pleading that the statute of limitations when relied upon as a defense to an action must be specially pleaded."

> Enc. P. & P. Vol. 13, p. 180.

A judgment of a probate court selling a homestead for an anterior debt cannot be attacked collaterally unless the fact appears on probate court record.

> Mahon v. Surerus, 62 Kan. p. 1; Newkirk v. Marshall, 35 Kan. 77; Rube v. Sullivan, 23 Neb. 779.

"Where a purchaser of land from the United States has paid for it, and has received a final certificate, it is taxable property, according to the statutes of Michigan, although a patent has not yet issued."

> Carroll v. Safford, 3 Howard, 441; McCune v. Essig. 122 Fed. 588; Kromer v. Friday, 32 L. R. A. 671.

## STATEMENT OF FACTS.

This is a civil action in the nature of ejectment, in which the appellees, seek to obtain possession of interest claimed by them as heirs of Robert A. Gamble, deceased, their father in a tract of one hundred and twenty acres of land described in the complaint, of which Gamble died seized, as a homestead upon which final proof had been made final certificate issued prior to the death of Gamble. Plaintiffs allege unlawful taking and withholding of the possession. The defendants set up lawful possession under a warranty deed executed by the mother and guardian of the said minor heirs conveying the lands in controversy, for a consideration of $1,050.00, to J. C. Lea and C. D. Bonney, Nov. 30th, 1888, said deed being ex-

ecuted under an order and judgment of the probate court of Lincoln county in which said lands were at the time situated, dated October 29th, 1888, and other mesne-conveyances including conveyance to defendant by J. J. Hagerman and wife, the Roswell Land and Water Company and the Pecos Valley Company, who were made defendants by intervention. The defendants also set up the defense of limitation under the ten year statute. The proofs in the court below, did not sustain the allegations of the complaint that Arizona U. Gamble the widow sold and conveyed the land prior to her appointment and qualification as guardian to sell, etc., but did sustain the allegations of the answer of the defendant and the intervenors, in almost every respect.

The transcript of the evidence shows that Robert A. Gamble, died intestate January 11th, 1886; that Arizona U. Gamble was his widow and Altha T. Gamble, aged 9 years, Susan Myrtle Gamble, aged 6 years, and Robert R. Gamble, aged 2 months, were his only surviving children; that Gamble died seized of the one hundred and twenty acres of land entered as a homestead and upon which final proofs had been made and final receipt issued. That on March 1st, 1886, letters of guardianship were duly issued to Arizona U. Gamble by the probate court of Lincoln county, appointing her guardian of the three minor children of the deceased, the appellees in this case. That on the 29th day of October, 1888, the widow filed a petition in the probate court of Lincoln county, in which she requested the court to appoint her special guardian to sell the land in controversy, "for the benefit of herself and the said minor heirs, and after payment of said debts aforementioned, re-invest the proceeds of said sale in some property which will be remunerative to said heirs."

This petition was granted by the court, and Arizona U. Gamble was, on the 29th day of October, 1888, duly appointed special guardian to sell said real estate of said minor heirs, at private sale. An abstract of title was admitted in evidence by agreement of the parties, and so far as it relates to the land involved in this suit, it discloses the following facts; that a United States patent

Hagerman v. Meeks.

for the land was issued Oct. 9th, 1889, in the name of Robert A. Gamble, and was filed for record February 18th, 1893, at 11 o'clock a. m., that on the 20th day of January, 1886, the widow conveyed the land by warranty deed to J. C. Lea and C. D. Bonney, the consideration being $1,050.00, the deed being filed for record January 25th, 1886, and recorded in Book A of deeds, pp. 487. That on the 30th day of November, 1888, the widow for herself and as guardian for Altha, Susan M. and Robert Gamble minors, conveyed the land by warranty deed to J. C. Lea, and C. D. Bonney, the consideration being the same as in the former deed. This deed was also filed for record and recorded Dec. 7th, 1888.

On December 3rd, 1888, Lea & Bonney, conveyed the same land to Patrick F. Garrett by warranty deed, for a consideration of $1,050.00.

The intervenors obtained title to the land by mesne-conveyances and on the 14th day of October, 1899, conveyed the same to the defendant Fitzgerald, for a valuable consideration.

The defendant and intervenors answered denying unlawful possession and asserted lawful possession under the title above stated.

At the close of the testimony for plaintiffs, defendants moved the court for judgment in their favor, which motion was taken under advisement, and subject to the result of the motion, defendants were granted leave to introduce evidence, and did so.

The court, jury being waived, found the defendants guilty and assessed plaintiffs damages at thirty dollars per year from the date of the commencement of the suit, it appearing that one of the plaintiffs was not entitled to recover. Defendants appealed.

## OPINION OF THE COURT.

M'FIE, J.—In deciding this case in the court below, the court held, and we think correctly, "The second defense is a claim of title under a deed made by the guardian of these two heirs, dated November, 30th, 1888, based upon an order of the probate court of the county of Lincoln, entered on October 19th, 1888. This defense

turns upon the validity of that deed and order, and that in turn upon whether the probate court had jurisdiction to make the order. If jurisdiction existed, and the proceedings were simply erroneous, the remedy was by appeal and not by collateral attack." The law thus laid down by the court below, is well sustained by the adjudicated cases, and therefore, there is but one question for our determination, and that is, did the probate court have jurisdiction to make the order of October 29th, 1888, under which the land was sold by the widow as special guardian to sell the same.

Answering this question in the court below, the court held that the probate court was without jurisdiction to make the order and that the sale made thereunder was void. The result of this finding was a judgment against the defendants, the correctness of which is challenged by this appeal.

We are unable to agree with the conclusions of the court below, that the probate court was without jurisdiction to make the order complained of, or that the conveyance by the special guardian made by the authority thereof, is void.

Sections 2052 and 2053 provide for the sale of the real estate of minors and the proceedings in the probate court seem to have been within the provisions of these sections.

A petition was filed by the mother as provided for in Section 2052, which, after describing the land in which the minors had a 3-8 interest and giving the names, ages, and residence of the heirs, states the following reasons for such sale: "That there are certain debts outstanding againts the estate of Robert A. Gamble which are due and unpaid and that there is not sufficient personal property to satisfy said debts; that your petitioner and said minors have no means whereby they can develop said land and place it in a state of cultivation or make it in any way remunerative, and that at present said land is an expense to your petitioner." Then follows the prayer of the petition in the following language:

"Wherefore, your petitioner respectfully prays that an order be issued by this Honorable Court appointing

Hagerman v. Meeks.

your petitioner special guardian for the purpose of the sale of said real estate, the same authorizing and empowering your petitioner to sell said real estate for the benefit of herself and said minor heirs, and after the payment of said debts aforementioned, (the approximate value of said real estate of $1,000.00) re-invest the proceeds of said sale in some property which will be remunerative to said heirs."

The prayer of this petition presents a case where lands are sought to be sold for the benefit of the minor heirs, and when such is the case Sec. 2053 provides that:

"If after investigation by said porbate court, it appears that there is proper ground for the application, and that the allegations of the petition are true, an order may be entered appointing a guardian for the purpose of the application, on executing and filing in said court the requisite security approved of as to its form, validity and manner by said court, signified by its approbation indorsed thereon, and thereupon the court shall decree the property, or so much thereof, as the court may deem proper, to be sold by said guardian at private or public sale, under the direction of said court."

This section seems to confer ample authority upon the probate court upon its own investigation to grant the player of the petition, appoint the petitioner guardian to sell the lands of the heirs and to order and decree the sale thereof at private sale, as was done in this case. Both the subject matter and the parties were brought before the probate court in the manner provided by the statute, and it became the duty of the court, upon its finding to that effect, to assume jurisdiction and grant the relief prayed for in the petition. The mere fact that the petition set up the fact that there was unpaid indebtedness which should be paid, does not serve to prevent the sale of the real estate for the benefit of the minor heirs as provided by the act of 1882, of which Sections 2052 and 2053 are part, as it may well be that the mother of these children desired to prevent a sacrificial sale, for the sole purpose of paying the indebtedness, under the act of 1884, relied on by the appellees, without regard to the interests of the minor heirs. It would seem that the indebted-

ness is alleged as incidental to the relief prayed for, which was the preservation of the minors' interests until the remainder of the indebtedness was paid. This allegation might have been omitted without injury to the petition, but being inserted it cannot serve to change the purpose of the proceedings as stated in the prayer of the petition. Nor does the distribution of the proceeds of such a sale affect the jurisdiction of the court, as jurisdiction attaches before any funds exist for distribution, and although the proceeds are improperly distributed, it is a mere irregularity which could not be reached in a collateral attack.

The sale of the real estate for the benefit of the minor heirs is clearly within the jurisdiction of the probate court under Sections 2052-3, *supra*.

Sec. 10 of the Organic act, provides: "That the judicial power of said Territory shall be vested in a supreme court, district courts, probate courts and in justices of the peace."

In Ferris v. Highley, 20 Wall. p. 378, the court says:

"These tribunals have been variously called prerogative courts, probate courts, surrogate courts, orphan's courts, etc. To the functions more directly appertaining to wills and the administration of estates have occasionally been added and guardianship of infants and *control of their property, the allotment of dower and perhaps other powers related more or less to the same general subject.*"

In the case of Bucher v. Thompson, 7 N. M. 115, this court says:

"Our probate courts are created by the organic act of the Territory, and are to exercise the jurisdiction conferred upon them as limited by law. The legislature of the Territory *in pursuance thereof,* has provided by various acts that they shall exercise jurisdiction in all probate matters, also matters pertaining to guardians and wards; master and those bound to him; insane persons, habitual drunkards, with power to appoint guardians over their estates, and in certain cases, *power to sell real estate.*"

In the case of Parker v. Kane, 22 How. 1, the court held that:

"Where a sale was made by an administrator under

Hagerman v. Meeks.

the authority and pursuant to an order of the probate court of the county where the land laid and the proceedings were regular except that no guardian was appointed to represent the heirs, the supreme court of Wisconsin decided that this defect was not sufficient to prevent the title from vesting in the purchasers and this court adopts the decision." Parker v. Kane, 22 How. 1; Gaines v. Davis, 104 U. S., 386; Garrett v. Boeing, 68 Fed. 51; Gilmore v. Rodgers, 41 Penn. 120; Paoldin v. Miller, 87 Texas, 359; Livingston v. Noe, 69 Tenn. 55; Morris v. Gentry, 89 N. C., 248; Pattee v. Thomas, 58 Mo. 163.

It would seem settled upon the authority of the cases above referred to, that the orders and judgments of the probate courts, cannot be attacked in a collateral proceeding where the jurisdiction of the probate court appears and fraud is not charged, as in this case, and especially is that true in this jurisdiction where probate courts are held to be courts of record, and their orders, judgments or decrees must be respected until set aside in a direct proceeding. So far as the record shows there never was any attempt, in a direct proceeding, to set aside the order and judgment of the probate court pursuant to which Arizona U. Gamble, duly appointed guardian for the purpose, sold and conveyed the interests of the minor heirs to J. C. Lea and C. D. Bonney, for a consideration of one thousand and fifty dollars. This being true, the interests of the heirs, appellees, here, would appear to have been completely invested by the conveyance to Lea and Bonney, and if so they cannot recover in this suit.

It is contended, that the law of 1882, is not applicable to the real estate of minor heirs of an intestate estate, and that if said act is construed to be applicable to such property, the act of 1882, is repealed _pro tanto_ by the act of 1884, Sections 2066 and 2086, C. L., 1897, being the portions of the act of 1884, relied upon by appellees.

The act of 1882, if applicable at all, is of general application, as it is not limited to any particular class of real estate so long as it is the property of minor heirs. When Gamble died, the title to his real estate immediately vested in his widow and minor children, subject, of

course, to the contingency of sale to satisfy creditors. In some states the statutes provide a distinction between real estate thus situated and that which descends to heirs by will, but we find no such distinction provided for under the act of 1882.

The act of 1884, is a comprehensive act relating to administration and settlement of estates of deceased persons, and Section 2066, provides that proceedings for the sale of the real estate of deceased persons to pay debts, shall be brought in the district court. The contention of counsel for the appellees, is, that the proceeding in the probate court of Lincoln county was a proceeding to sell lands to pay debts and therefore cognizable only in the district court.

We cannot agree with counsel in this contention, for while the fact of the existence of unpaid debts was referred to as one reason why the lands should be sold, the protection of the beneficial interests of the minor heirs was also set up, and the relief prayed for was the sale of the land for the benefit of the minor heirs. The sale of land for the benefit of minor heirs, is provided for in the act of 1884 except incidentally and the sale of lands of decedents to pay debts is provided for in the act of 1884 but not in the act of 1882, except incidentally, and therefore there is no repugnance between the two, as would cause the latter law to operate, as a repeal of the former. Both may stand together and be effective and in a proper case it is the duty of the court to sustain both.

The act of 1884 does not contain a repealing clause, therefore, there was no direct repeal of the act of 1882, and if any portion of that act was repealed, it must be by implication.

"But repeals by implication are not favored, and when two statutes cover in whole or in part the whole matter and are not absolutely irreconcilable, effect should be given if possible to both of them." U. S. v. Greathouse, 166 U. S., 601; citing Frost v. Wenie, 157 U. S., 16; U. S. v. Healey, 160, U. S. 36.

"The rules for construing statutes in like cases with the present are so well understood as to need no citation of authorities They are: *First*, That the effect shall be

given to all the words of a statute where this is possible without conflict; *Second,* That as regards statutes *in pari materia* of different dates, the last shall repeal the first only when there are express terms of repeal, or where the implication of a repeal is a necessary one. When repeal by implication is relied on, it must be impossible for both provisions under consideration to stand, because one necessarily destroys the other. If both can stand by any reasonable construction, that construction must be adopted." Wilmont v. Mudge, 103, U. S., 217; Railway Company v. United States, 127, U. S. 406.

"Implied repeals are not favored, and where they exist, the implication must be necessary. There must be a positive repugnance between the old and the new. "Cortsey v. Territory, 7 N. M., 99.

The failure of the legislature to attach a repealing clause to the act of 1884, is worthy of consideration as indicating that it was not the legislative intent to repeal the act of 1882, and when it is remembered that minor heirs may inherit real estate from deceased relatives, where no indebtedness exists or where, for other reasons it is not necessary or desirable to incur the expense of administration or invoke the jurisdiction of the district court for the sale of lands, it is reasonable to conclude that the legislature did not intend to disturb the act of 1882.

Attention is directed to Sec. 2055, C. L. 1897, also a portion of the act of 1882.

"Sec. 2055. All sales heretofore made by orders and decrees of probate courts within this territory, under and by virtue of Section one thousand and thirty-one, are hereby confirmed and ratified."

This section clearly implies that the legislature intended to continue the authority of those courts to make such sales when the law of 1882 was enacted, and Sec. 6, Chap. 114, of the Laws of 1905, directs the recognition of all laws in relation to the sale of real estate of infants as still in force and unrepealed by the Code. Sec. 2685 C. L. 1897.

The conclusions reached upon the third assignment of error and above stated, renders the consideration of the other assignments unnecessary, but it may be well to say,

that this disposition of the case seems to meet the ends of justice upon the merits of the case. While it is the duty of courts to guard the interests of minor heirs, the rights of innocent purchasers must not be ignored. The evidence shows that the land was sold by the legally authorized guardian of the appellees by order of the probate court as provided by law; that one thousand and fifty dollars were paid therefor by the purchaser, no fraud being charged or proven, and that the purchaser obtained a warranty deed which has been upon record since December 7th, 1888. If the judgment of the probate court had been challenged in a direct proceeding the rights of third parties would not be jeopardized as they now are in this proceeding in ejectment, wherein, in event of a recovery by the appellees they would obtain the land, damages for its retention, and still retain the purchase price, which in this proceeding, they are presumed to have had the benefit of. Thus the wisdom of the law upholding judgments of the courts against collateral attacks after the rights of third parties have attached thereunder, without fraud and where jurisdiction of the court rendering the judgment appears, is quite apparent. In the eyes of the law these appellees were in court by their legally appointed guardian nearly twenty years ago when the order of sale was made. They obtained through their legal representative the value of their interests at the sale under the judgment, and in such case, every legal presumption in favor of the regularity of the proceeding and judgment in the absence of fraud, should be indulged.

The judgment of the court below, will be reversed with costs, and it is so ordered.

William J. Mills, C. J., Frank W. Parker, A. J., Ira A. Abbott, A. J., Edward A. Mann, A. J., concur.

Pope, A. J., having tried the case below did not participate in this decision.