Bass v. Occidental Life Insurance Co., 19 N. M. 193

.(No. 1593, June 15, 1914)

EDWARD BASS, Administrator of the Estate of C. Gordon Bass, Deceased, Appellant, vs. THE OCCIDENTAL LIFE INSURANCE COMPANY, Appellee.

## SYLLABUS BY THE COURT.

1. Even if two writings are executed on different dates and between different parties, they may from their subject matter be so connected that even without express reference the later contract is to be so consrued as to be read in connection with the earlier.

P. 199

Appeal from District Court of McKinley County; Merritt C. Mechem, Presiding Judge. Affirmed.

A. T. HANNETT, Gallup, N. M., and VIGIL & JAMISON, Albuquerque, N. .M., Attorneys or Appellant.

Plaintiff was entitled to recovery under specific terms of policy. 9 Cyc. 320; 1 Fed. Stat. Ann. 31; 132 U. S. 188; 34 N. J. L. 371, 376; Vance on Ins. 565, 566; 15 L. R. A. 142; 1 Cyc. 252; 49 Ill. 180; 88 N. E. 658, 661: 76 S. W. 832; 93 N. W. 22; 59 Pac. 651;·43 S. W. 709; 103 Ia. 178; 40 N. W. 839; 79 Neb. 20; 34 N. J. L. 371; 71 N. W. 601; 76 Fed. 705; 138 Fed. 629.

ALONZO B. MCMILLEN, Attorney for Appellee.

Motion for new trial and assignments of error not sufficient to properly raise questions argued by counsel. 6 Wheat., p. 603; 14 How., p. 218; 9 N. M. 344; C. 1196, Vol. 3, Cent. Digest; p. 775, Vol. 1, Pac. Rep. Digest.

Judgment of District Court in directing verdict was right. 122 Pac. St. 579; Bish. on Contracts, Secs. 382, 384; 2 Parsons on Contracts, 7th Ed., p. 501.

## REPLY BRIEF OF APPELLANT.

Policy marked Exhibit A covered accident that befell

deceased. 15 N. M. 304; 102 Pa. 89, 262; 32 N. Y. 405; 13 L. R. A. 263.

Trial Court correct in holding that deceased was insured by policy at time of death. 9 Am. St. Rep. 147; 1 Cyc. 243; 22 Cyc. 1428, 1445-1446; 1 Cyc. 241, 242; 55 Mich. 141; 54 Am. Rep. 354; 89 Tenn. 427; 73 S. W. 978; 80 S. W. 181; 72 Miss. 333; C. L. 1897, Sec. 3074.

### BRIEF ON REHEARING.

The words "during the continuance of his said employment" include times when employes was off duty as well as when on duty. 15 L. R. A. 142; 49 Ill. 180. ,

### ANSWER TO REPLY BRIEF OF APPELLANT.

Plaintiff not entitled to judgment upon any theory. 106 U. S. 30, 32; 54 Am. Rep. 354; 10 Ency. of Ev. 6; 31 Cyc., p. 1218.

### STATEMENT OF FACTS.

This action was instituted by Edward Bass, as administrator of the estate of C. Gordon Bass, who was killed by an engine at a railroad crossing near Gallup, New Mexico, on October 9th, 1911.

The complaint set up a liability against the defendant insurance company based upon a blanket accident policy, the essential provisions of which are as follows:

"UNITED STATES OF AMERICA

"No. 4804.                                          $400.00

OCCIDENTAL LIFE INSURANCE COMPANY.

Age........................                    Premium $...................

Albuquerque, New Mexico.

(Called the company)

In consideration of the payment of the premiums, as specified in the agreements issued in connection with this policy, and subject to the conditions and privileges contained herein;

HEREBY INSURES each of the subscribers to said agreement (called the Insured) from SEVEN A. M. of the day said subscriber enters the employment of the Dia-

mond Coal Company, (called the employer) until SIX
p. m. of the day said subscriber terminates his employ-
ment with said employer.

AGAINST the results during the continuance of this
policy caused solely by external, violent and accidental
means, producing a visible external mark upon the body,
such cause producing such mark hereinafter being called
accident;

*And promises to pay* as hereinafter set forth;

TOTAL LOSS BENEFITS, Section I.

(a) . If any of the total losses in the following table of
total loss benefits shall result from such accident within
90 days from the happening of such accident, the Com-
pany will pay, in lieu of any other indemnity:

FOR )
LOSS )    1 life _____$400.00
OF )      2 * * * * * * * :

Benefits for loss of life shall be payable to the heirs,
administrators or assigns, as provided in the attachment
agreement. * * * * * *

### GENERAL CONDITIONS.

WRITTEN NOTICE of any injury must be furnished
to the Company at Albuquerque, New Mexico, within
ten days from date of accident. Affirmative proof of any
injury, loss of sight or other disability must be furnished
to the Company within one month from the date of death,
loss of limb or sight, or the termination of disability. .

THE COMPANY'S Medical Adviser shall have the
right and opportunity to examine the person of the In-
sured in event of any claim under this policy, when and
as often as required.

LEGAL PROCEEDINGS under this policy shall not
be brought until Two months after the date of furnishing
such affirmative proof, nor brought at all unless begun
within eight months from time of death, loss of limb or
sight or the termination of the disability.

THE RIGHT to make a claim for any one of the above

specified. results of any accident shall exclude all other claims based upon the same accident.

THE COMPANY shall have the right to cancel this policy at any time by giving written notice to the employer of their intention; such cancellation to be effective on the last day of the same month in which such notice is given."

The agreement referred to in the policy is as follows:

"THIS CONTRACT, Made this 13th day of March, 1911, between the undersigned employee, hereinafter re ferred to as 'The Subscriber,' and THE DIAMOND COAL COMPANY, hereinafter referred to as 'The Employer,' WITNESSETH:

WHEREAS, The said employer is a corporation engaged in the business of mining coal in New Mexico, and the subscriber is an employee in carrying on said work, and whereas said employee and said employer desire to protect themselves respectively against loss occasioned by accidents in carrying on said work, NOW THEREFORE IT IS AGREED:

1. In event that said subscriber shall meet with accident during the continuance of his said employment, said subscriber shall be paid, by the Occidental Life Insurance Company, such benefits as are specified in the Policy No. 4804, provided. said Policy is in force, of said Company which policy is hereby made a part of this agreement.

2. In consideration of the above benefits, said subscriber authorizes a deduction of ONE DOLLAR AND A HALF from his wages for each month or part of a month while in such employment, by said employer, and said employer agrees to collect and pay the amounts so provided to be retained to said Occidental Life Insurance Company.

In further consideration of said benefits, said subscriber, for himself and his heirs, executors, administrators and assigns, releases said employer from any further liability whatsoever for any accident which said subscriber may meet with during the term of his said employment, and authorizes said Occidental Life Insurance Company to pay

to said employer, out of money due under said Policy, any expense or liability incurred by said employer on account of hospital service necessarily rendered because of such accident.

(No. 270)    IN WITNESS WHEREOF, the said employee, designated herein as the subscriber, has hereunto set his hand the day and year first above written.

J. A. Kennedy,        C. G. Bass,
Witness.                   Employee."

At the close of the trial both plaintiff and defendant move for a directed verdict.

The motion of the defendant was granted, by the trial court, upon the ground that the deceased was not in the employ of the company at the time of the accident, or, for the reason, as stated by counsel, that deceased was not engaged in mining coal and was not killed while in the pursuit of his employment.

A motion for a new trial having been overruled, this appeal was taken.

### OPINION.

HANNA, J.—The principal question for our consideration is based upon the alleged error in directing a verdict for the defendant upon the theory that the insurance policy did not cover an accident, to the assured, not suffered while in the pursuit of his employment.

The insurance policy, under present consideration, is not such as is generally denominated an employer's liability policy, but is referred to, we think properly, as a blanket accident policy covering all employees of the Diamond Coal Company, who should become subscribers to a certain agreement, which provided for payment of an amount as premium for accident insurance under a certain policy referred to by number, and further providing for the release of the coal company from liability to the employee during the term of his employment.

A careful examination of the policy discloses that it protects against accidents arising by external violent means

during the term of employment of assured. The persons covered by the policy to be ascertained by reference to the contract between the employer and employee.

This latter contract it is argued limited the class of accidents to be covered by the policy to such as arose in carrying on the work of mining coal. Appellant, on the other hand, contends that the policy itself is controlling upon this question of the risk covered and that it provides certain indemnities for accidents arising from external means, subject to the conditions and privileges contained in the policy, which, however, was not limited in the matter of employment as was the contract between the Coal Company and its employees.

After careful consideration of the numerous points urged by counsel, we find ourselves inclined to the view that both contracts must be construed together in order to arrive at the intent of the parties. The insurance policy insured no one and was without consideration unless reference is had to the subsequent contract between the Diamond Coal Company and its employees.

Plaintiff found it necessary to set up both instruments in order to state a cause of action, but would limit the court to the conditions set out in the policy and exclude from consideration the conditions of the contract.

Can it be said that the applicant for insurance in this case, is not to be bound by the express terms of the instrument signed by him, which was, in effect, his application for the insurance? We think not. It is not within the province of this, or any court, to enlarge the contract, or make a new one, between the parties.

We agree with appellee that the expression of the contract, between employer and employee, "during the continuance of his said employment," meant while the employee was engaged in carrying on the work of mining coal, which was the only employment referred to in said contract. Clearly the accidents in connection with such employment are the only accidents for which the employer might be held responsible, and it is plainly the intent of both instruments to relieve the employer from liability

to its employees while engaged in the business of mining coal.

It is urged by appellant that there is no privity of contract between the parties named in the two instruments, but we consider it sufficient to say, in this connection, that it clearly appears that without the execution of either the policy or the contract there could exist no cause of action and no contract would have arisen. Each is dependent upon the other and each refers to the other. It is not a question of construction of ambiguous provisions, but a case of inter-dependent instruments which considered together constitute a contract, and reference to both being necessary to arrive at the intent of the parties. It is self-evident that the purpose of the two instruments was the insuring of certain employes against accident while engaged in a certain employment. The employer was a go-between or intermediary seeking to accomplish the purpose and thereby escape a liability otherwise resting upon it. The instruments were not executed at the same time, but did deal with the same subject matter and each referred to the other. They were a part of one transaction, otherwise, as pointed out, there could be no contract and no cause of action, and must, therefore, be read together and each construed with reference to the other.

It has been held that:

"When several instruments are executed at the same time in relation to the same subject matter and to accomplish a common purpose, and the execution thereof is known to every party to either instrument, they should be construed as one contract, though the parties to each instrument are not the same." MacDonald vs. Wolff, 40 Mo. App. 302. See also, Houck vs. Frisbee, 66 Mo. App. 16.

The same principle was applied by the Supreme Court of Iowa in a case where the instruments were executed at different times. Logan vs. Tibbott, 4 Greene (Ia.), 389.

We are of the opinion that the correct rule is, as set forth in 2 Page on Contracts, Sec. 1116:

"Even if two writings are executed on different dates and between different parties, they may from their subject matter be so connected that even without express reference the later contract is to be so construed as to be read in connection with the earlier."

Our conclusion upon this question makes it unnecessary to pass upon the other questions presented, and for the reasons given, the judgment of the District Court is affirmed, and, it is so ordered.