(No. 1673, July 29, 1914)

Ex-parte HENRY C. MYLIUS, Petitioner, on behalf of CORA MYLIUS and VERA INEZ MYLIUS, Minors, Appellant, vs. MRS. HATTIE CARGILL, Appellee.

### SYLLABUS BY THE COURT.

1. A judgment of a court of a Sister State awarding the custody of minor children in a divorce proceeding is not res judicata in a proceeding before a court of this State except as to facts and conditions before the court upon the rendition of the foreign decree. As to facts and conditions arising subsequent to the foreign decree, it has no controlling force, and our courts are not bound thereby in awarding such custody.

P. 282

2. Findings and evidence briefly examined and held sufficient to warrant the action taken in awarding the custody of two infant daughters to the mother.

P. 284

Ex Parte Mylius v. Cargill, 19 N. M. 278

Appeal from District Court, Chavez County; Granville A. Richardson, Presiding Judge. Affirmed.

O. O. ASKREN AND J. C. GILBERT, for Appellant.

Law Refers to Minors Over 14 Years of Age. C. L. 1897, Sec. 1461; 1st New Mexico, p. 255.

No Violation of Decree. 69 N. M. 798.

Custody of Children and Wards. 2 Bish on Marriage & Divorce, 2nd Ed., 1189; 96 Ind. 6; 27 Ill. App. 375; 56 Ia. 288; 37 Minn. 360; 75 Ia. 218; 56 Ia. 608; 88 Ind. 494; 25 Wend. 64; 33 Ga. 195; 299 Fed. Cas. No. 1318 37 Pac. Rep. 660; 20 L. R. A. 171; 75 Ia. 125; 39 Wis. 167; 33 Wis. 534; 29 Neb. 457; 57 Neb. 158.

Ward Has No Right to Choose Guardian. Vol. 2, Nelson on Divorce and Separation, Sec. 975; Church on Habeas Corpus, Sec. 447; C. L. 1897, Sec. 1461; 1st New Mexico, p. 255.

Minors Brought From Jurisdiction of Court. Vol. 1, Whart. on Conflict of Laws, Sec. 239-F; Church on Habeas Corpus, Sec. 451; 15 Ia. Rep. 238.

W. C. REID AND J. M. HERVEY, GEORGE S. DOWNER AND A. G. PIERROT, for Appellee.

Decree of Divorce Conclusive. 157 S. W. 254; 40 Hun 611; 73 S. E. 126; 55 L. R. A. 930; 96 Tex. 417.

Courts Should Have for Their Main Guide, General Welfare of Children. 3 N. E. 289; 6 S. W. 878; 3 N. E. 880; 33 Wis. 534; 45 N. W. 466; 82 Pac. 177; 110 Am. St. Rep. 800; 14 Cal. 513; 26 Mo. 91; 55 L. R. A. 930; 40 L. R. A. 623; 97 Am. St. Rep. 399; 16 L. R. A. 681; 45 N. J. Eq. 283; 14 Cal. 513; 72 N. Y. Supp. 456; 77 N. Y. Supp. 912; 55 L. R. A. 930; 26 Kan. 653; 20 L. R. A. 199; 42 Mich. 509; 5 L. R. A. 781; Church Habeas Corpus, Par. 442; Schouler, Domestic Relations, Par. 248; Hurd Habeas Corpus, Par. 461; 75 Ia. 105; 73 Am. St. Rep. 500; 20 L. R. A. 176; 30 Ga. 195; 10 N. M. 98.

Court May Consult Wishes of Children. 14 Cyc. 808; 2

So. 768; 21 N. E. 600; 65 N. W. 555; 32 N. J. Eq. 738; 77 N. Y. Supp. 912; 82 Pac. 177; 29 Cyc. 1596.

Right of Determining Status of Persons. 7 L. R. A. 306; 4 Allen 321.

Guardian, Custody of Child Against its Best Interests. 142 Ind. 113; 160 Pa. 399; 13 Wyo. 79; 42 Mich. 528; 71 Mich. 180; 7 Allen 321, *supra*; 105 N. Y. 628; 86 Ill. App. 20; 4 Minn. 412.

Court should not modify or reverse an award of custody of children made by lower court unless evidence shows that there has been abuse of discretion. 90 Ind. 107; 26 N. E. 768; 33 Wis. 534; 11 N. E. 143; 14 Cyc. 808; Dec. Digest, Vol. 7, Par. 312; 5 N. M. 148; 6 N. M. 239; 14 N. M. 271; 10 N. M. 38; 138 Pac. 207.

### OPINION.

PARKER, J.—This is a habeas corpus proceeding to obtain the custody of two minor children. Petitioner, the father, is a resident of San Antonio, Texas. The respondent, the mother, was domiciled at Toyah, Texas, and removed to Roswell, New Mexico, bringing with her the two minors. Petitioner and respondent were divorced in Texas, and respondent remarried in 1911. Shortly thereafter respondent and her husband applied to the Texas court for a modification of a former decree awarding the custody of the minors. Petitioner appeared and a consent decree was entered by the Court, fixing the rights of the parties as to the custody of the children, and providing, also, that the children should not be removed from the State of Texas without the consent of the court. On June 12th, 1913, the children were delivered to the respondent as a result of her application to the Texas court for an order on the petitioner to deliver them to her. About ten days prior to September 1st, 1913, the day upon which the children were to be returned to the petitioner, the respondent removed with them to Roswell, New Mexico, without the consent of the Texas Court, and was keeping them there when this proceeding was instituted. A hearing was had and the court made the following findings:

"1. That after the decree of the District Court of the Fifty-seventh Judicial District Bexar County, Texas, in the case of Hattie Mylius vs. H. C. Mylius, No. 29239, the said decree was violated by each the petitioner and respondent.

First, by said petitioner, Henry C. Mylius, not keeping said children in his personal custody but in the custody of an aunt, about one hundred and twenty miles distant from San Antonio.

Second, by petitioner interfering with said children in writing to their mother, the respondent herein;

Third, by failure of petitioner to deliver said children to respondent when the time came, under the said decree, for respondent to have the custody of said children, necessitating court proceedings upon behalf of respondent to obtain said children;

Fourth, that the respondent has violated said decree by bringing said children out of the State of Texas into the State of New Mexico, but the court further finds that respondent did this upon the entreaties of said children not to be taken back to the petitioner;

2. The Court further finds that, since said decree was entered, new conditions have arisen that make it to the interest of said children to be in the custody of the respondent, their mother, to-wit:

First, that since said time, the petitioner has threatened said children and threatened the respondent, their mother, to said children, bodily injury if said children should insist upon staying with their mother;

Second, that petitioner has frequently attempted to prejudice said minor children against their said mother by speaking of her in derogatory terms;

3. That the court interrogated said minor children and found that they were intelligent girls, fully capable of judging as to whether they were being treated properly or not and that said children expressed a great desire to remain with their mother and to not be returned to their father;

4. The Court further finds that the age and sex of said

children, make it, in the judgment of the Court, to the interest of said children that they remain with their mother, whom the Court finds to be of good character and capable and desirous of taking the proper care of said children;

5.   The Court further finds that the step-father of said minor children is desirous of having them remain in his family and that he is a man of such character that he can, and in the mind of the Court will, give said minors proper support and care."

The Court awarded the custody of the children to the respondent.

It clearly appears from the foregoing that the district court founded its judgment upon the proposition that the conditions surrounding the parties had so changed since the rendition of the Texas decree, that that decree was not controlling under the full faith and credit clause of the Federal Constitution. In this the court was clearly correct.

The general doctrine on this subject is stated by Mr. Bishop as follows.

"Under our national constitution, this order is plainly a record to which, if the court has jurisdiction, the same faith and effect permitted it in the state of its rendition must be given in every other state.   And the true rule in the state of its rendition is that it is *res judicata* concluding the question. But it does not conclude the question for all time, since new facts may create new issues. Nor, since the relation of parent and child is a status, rightfully, like marriage, regulated by any state in which the parties are domiciled, does the order in one state operate as an estoppel of all future inquiry in the courts of another state wherein the child has acquired a domicile." 2 Bishop on Marriage and Divorce, 2nd Ed. 1189.

The author cites the following cases:

Dubois vs. Johnson, 96 Ind. 6; Umlauf vs. Umlauf, 27 Ill. App. 375; Jennings vs. Jennings, 56 Iowa 288, 9 N. W. 222; State vs. Bechdel, 37 Minn. 360; 5 Am. St. Rep. 854, 34 N. W. 334; White vs. White, 75 Iowa 218,

39 N. W. 277; Sherwood vs. Sherwood, 56 Iowa 608, 10
N. W. 98; Teter vs. Teter, 88 Ind. 494; Mercein vs. People, 25 Wend. 64, 35 Am. Dec. 653; Taylor vs. Jeter, 33
Ga. 195, 81 Am. Dec. 302; Bennett vs. Bennett, Deady,
299 Fed. Cas. No. 1318.

In Wilson vs. Elliott, 96 Tex. 472, 73 S. W. 946, 97
A. S. R. 928, the identical question which is involved in
this case was considered. In that case the custody of the
child had been awarded to the father and the mother had
removed with the child to El Paso, Texas. The Supreme
Court of Texas in that case said:

"It follows that, in our opinion, the status of the father
as a proper person to have the custody of the child at the
time the decree of the territorial court of New Mexico was
rendered was fixed by that decree, and that the judgment
that he was entitled to such custody is *res adjudicata;*
but that the order is not a bar to a subsequent proceeding
to modify it upon the proof that the situation and character of the respective parties has so changed as to render
it to the interest of the infant that it be committed to
the care of the mother." See also,

Ex-parte Boyd, 157 S. W. 254; People ex rel. Allen
vs. Allen, 40 Hun 611; Ex-Parte Alderman, 73 S. E.
126; Seeley vs. Seeley, 30 App. Cas. (D. C.) 191; 12
A. & E. Ann. Cases, 1058.

The soundness of this doctrine is apparent. The relation of parent and child is a status and may be changed
with changing circumstances. The welfare of the child
is always the paramount consideration for the court in
awarding the custody of children to one parent or the
other in cases of divorce or separation. The welfare of
the child may be best subserved at one time by awarding
its custody to one parent, and at another time just the
opposite course should be taken. These judgments are,
necessarily, provisional and temporary in character and
are, ordinarily, not *res judicata,* either in the same court
or that of a foreign jurisdiction, except as to facts before
the court at the time of the judgment.

The petitioner urges that, even admitting the prop-

osition above stated, no sufficient showing of changed conditions was made which would authorize the court to change the custody of the children to the mother. We do not so understand the record. It is first claimed that the proofs do not support the findings of the court. Without discussing the evidence in detail we may say that we regard the proofs as amply to sustain the findings.

It is next urged that the findings, even if supported by the proofs, do not authorize the action taken.

These minors are females aged fourteen and eleven, respectively. They were kept by the father in Texas with his sister, about one hundred twenty miles from where he lived. He could have given them, necessarily, little or none of his personal society or supervision. They expressed an earnest desire to be with their mother, and not to be returned to their father. He objected to any correspondence between them and the mother, and threatened personal violence to them and the mother if they persisted in going to her and sought to prejudice their minds against her. These things the father had no right to do, because they tended to injure the children. And a child cannot be benefited, must be injured, if he becomes estranged from his good mother. The force being applied in that direction should be removed. The conduct of the father, as shown by the record, indicates a deep feeling of hatred and resentment towards the mother of his children. Even if justified on his part, he should not be permitted to communicate it to the children, when the mother, as shown by this record, is a good woman and capable of doing so much for her two young daughters.

Without further commenting on the evidence it will be sufficient to say that the trial judge saw and heard the parties and talked freely with the little girls, and necessarily, is in much better position than we are to determine what is best for the immediate future of these minors. Only the grossest error could move this court to overturn the careful judgment of a district judge in such cases.

It is to be further remarked that the decree entered in the case fully protects the rights of the father by providing that he may visit the children without restriction at all proper times, and may write to them and that said children shall without restriction be permitted at all times to write to the father. That he may further keep in touch with them; it is also provided that he may contribute to their support and education.

For the reasons stated, the judgment of the lower court will be affirmed, and, it is so ordered.

### SYLLABUS BY THE COURT.

