115 P.2d 59

**ALBRIGHT v. ALBRIGHT.**

No. 4608.

Supreme Court of New Mexico.

June 19, 1941.

Quincy D. Adams, of Albuquerque, for appellant.

Owen B. Marron, of Albuquerque, for appellee.

MABRY, Justice.

This case involves the custody of a three-year old child of the parties hereto. While other proceedings were consolidated with the action from which this appeal is taken, it is sufficient to say that this appeal grows out of a suit to determine the custody of said child. The mother, appellee, was awarded the custody of the child for nine months of the year and custody for the remaining three months going to the father, appellant.

The Arizona court had previously, in a default action, granted the father complete custody of the child. After the first order of the Arizona court, granting custody to each of the parents for six months of the year, appellee came to New Mexico with the child and instituted divorce proceedings. Appellant, in the meantime, had secured, upon default, a modification of

this Arizona decree and had, thereby, obtained complete custody. The New Mexico trial court found both appellant and appellee fit and proper persons to have the custody of the child; and it appears that up to the time of the re-marriage of appellee the parents of appellant and appellee themselves had actual custody of the child in their respective homes, since the parties were no longer living together and themselves had no home. There had yet been no divorce and therefore no re-marriage. Appellant is still unmarried. The decree of the trial court in the case out of which this appeal grows is justified by appellee, as it was by the trial court in its findings and conclusions, by what is claimed to be substantially changed circumstances. Appellant challenges the decree awarding such custody to the mother in the face of the contrary decree of the Arizona court, upon two principal grounds. He says that the trial court erred in decreeing such custody because there had been no such substantial change in conditions of the parties as would effect the welfare of the child which would justify that court in so acting; and further, that the trial court abused its discretion in awarding the custody of the child to the mother under the circumstances of her re-marriage and the character of the present husband.

Full faith and credit will be given to judgments and decrees of a sister state in habeas corpus proceedings. Evens v. Keller, 35 N.M. 659, 664, 6 P.2d 200. Appellee does not question the applicability of this general rule.

It is likewise true that in matters of this character, courts of one state, upon a showing of changed circumstances indicating the welfare of the child will best be served by a change of custody from one parent to another, will not hesitate to make such change. Ex parte Mylius (Mylius v. Cargill), 19 N.M. 278, 142 P. 918, L.R.A. 1915B, 154, Ann.Cas.1916B, 941; Evens v. Keller, 35 N.M. 659, 6 P.2d 200; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928. This does not mean that full faith and credit has not been given to the earlier judgment and decree of the sister state.

There is no dispute as to the fact that the court here had jurisdiction of the parties, including the minor child, at the time the decree herein appealed from was entered. This suit was begun and the issues determined very shortly after the entry of the decree in Arizona giving full custody to the father. Appellant vigorously challenges the grounds upon which the trial court determined that the mother should have custody. He calls attention to the language of the court appearing in the finding to the effect that the place "for a child of tender years, such as this one, is with its mother," and says this philosophy was employed without consideration of whether there were changed circumstances. Appellee does not quarrel with this statement by the court; nor do we. Many courts have made like pronouncements, and all social and moral considerations under most circumstances, echo approval. The controlling consideration when custody of a child is concerned, is, of course, the best interest of the child. In re Hogue, 41 N.M. 438, 70 P.2d 764; Ex parte Mylius, supra.

There can be no question that the trial court understood that, under the application of the full faith and credit rule, only such changed circumstances which, in the mind of the court and with the best interest of the child as the one consideration, clearly persuaded in favor of a change in custody, would justify its decree so directing. We quote from the language of the court in its opinion and findings: "The sole question before this Court is whether or not circumstances have so changed since the 6th of May, 1940, as to justify this Court in assuming jurisdiction as to the custody of the child. On the 6th of May, 1940, when this order was entered in Cause No. 14711, the father and mother of this child were still husband and wife, although living separate and apart; since that date these parties have become divorced by decree of the Arizona court in Cause No. 14908, and the mother of the child has remarried. If divorce and remarriage would not constitute a change in conditions, the Court has difficulty in knowing what would. The welfare of the child is a matter of course of primary interest. A child of tender years, such as this one, its normal place is with its mother. The fact that these parties have been divorced since the Arizona adjudication of custody, and the fact that the mother is now remarried and has a home of her own where she claims she can take care of the

child, constitute a very substantial change in the condition of these parties, and the Court sees no reason why, under these circumstances, it should not assume jurisdiction and determine on the merits where the custody of the child should be placed."

The changed circumstances must be substantial, and "only a change in circumstances and conditions materially affecting the existing welfare of the minor, occurring since the former adjudication, may properly become the subject of inquiry and the basis of a change in the award of the minor's custody," under circumstances like those here present. Evens v. Keller, supra [35 N.M. 659, 6 P.2d 202]. But, when we find evidence to support the court's findings that there have been substantial changes in such circumstances, our inquiry ends. It is not whether we, as the trier of the facts, would have reached the same conclusion. The question is whether there is evidence to support the court's findings and whether its discretion in reawarding custody was, under the circumstances, abused.

Appellant ably and vigorously urges that the only changed circumstance disclosed by the record is one calculated to be detrimental to the child's welfare. This, he says, is the subsequent marriage of appellee after the parties had secured a divorce, to a man unable to provide a home and unfit to sponsor the child's welfare. He challenges the finding of the court to the effect that the remarriage of the ap-

pellee, under the circumstances, does in fact afford a home for the child and that its best interest is served by thus placing it for the greater part of the time, with the mother. The child, as we have said, theretofore had been living from time to time with parents of appellant and appellee—neither party here having yet married subsequent to the earlier arrangement for such divided custody in another action in the Arizona court. Now, the mother has remarried. The father has not. If he retained custody, the child would be left with his own parents, where conditions, though quite as satisfactory as conditions normally are where a child of such tender years is so separated from its mother, are nevertheless such that the child could not have the parental care and affection which a normal mother would bestow.

The trial judge had these matters before him. We must assume he carefully weighed all considerations which could have had a bearing upon the question of what was for the best interest of the child. He had before him all parties, including the present husband of appellee. He found, with substantial evidence in support, that the mother was remarried and had a home of her own where she could now support the child. It appears that both appellee and her present husband want the child, and, probably, can provide for it. There must be, of necessity, in many cases, considerable conjecture when we assume that parents will in fact be able to properly support a child. It may have

been that the trial court was not greatly impressed with the promises of support held out by appellee's present husband, as appellant is not. Appellant's counsel lays much stress upon what he claims to be the unnatural or abnormal mentality of this husband, as disclosed by his own examination as a witness in the case. He urges that, as a witness for appellee, the present husband disclosed characteristics of instability that must shake the faith of any court in both his purpose and ability to provide a normal home for any child. We may not be too much impressed with the showing in this respect, and the trial court, likewise, may not have been; but it may have concluded, in weighing the advantages of a home with the natural mother against any disadvantages which the character or disposition of appellee's husband may have presented, that, nevertheless and notwithstanding all this, there had been a substantial change in circumstances since the Arizona court had a short time before given the father complete custody, and that the advantages to accrue to the child if placed in the custody of its natural mother would substantially outweigh some other, and perhaps troublesome, considerations which the case may have presented. We cannot under the evidence, disturb the court's finding and the disposition made of the child.

It may be pointed out that the court retains jurisdiction to further modify the decree with respect to custody, and that rather carefully conceived restraints are placed upon both parties to this action with reference to delivery of the child from one party to another at the nine and three month periods specified in the decree; all to insure faithful performance by both parties and likewise to the end that the court may hereafter modify if conditions warrant. Substantial bond was required of each of the parties conditioned that the child would be returned from one to the other, or into court, at the times specified.

Appellant urges consideration by us of other circumstances which he says militate against the court's conclusion that the mother is a proper person to have custody of the child. It would serve no useful purpose to recite the facts relied upon or to analyze any of the evidence in this respect. It is enough to say that the trial court passed upon the question of appellee's fitness, and it held contrary to appellant's contention. The findings and conclusions in this respect will not be disturbed.

Finding no error the judgment will be affirmed; and, it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.