303 P.2d 698

**MOUNTAIN STATES FIXTURE COM-PANY, a Corporation, Plaintiff-Appellant,**

v.

**Gus DASKALOS and Andy Dovas, Defendants-Appellees.**

No. 6115.

Supreme Court of New Mexico.

Nov. 16, 1956.

———◆———

Noble & Noble, Las Vegas, for appellant.

Roberto L. Armijo, Las Vegas, for appellees.

McGHEE, Justice.

The lower court dismissed an action against defendants on a Colorado judgment obtained under cognovit provisions of defendants' promissory note and the plaintiff appeals from the dismissal.

The facts found by the trial court, as summarized, are: The defendants, residents of New Mexico, contracted with the Grauman Company, a Colorado corporation, for the purchase of bar fixtures, by contract of July, 1951. This contract provided for the making of defendants' promissory note and chattel mortgage for an unpaid balance of the purchase price. In October, 1951 an agent of the corporation delivered the fixtures to the defendants at Las Vegas, New Mexico, at which time he presented to the defendants and procured their signatures upon a promissory note containing cognovit provisions authorizing any attorney of any justice court or court of record to enter their appearance therein, to waive all process and to confess judgment in favor of the legal holder against them for amounts then owing, costs and attorney's fees. The note was delivered to the agent and representative of the Grauman Company in Las Vegas, New Mexico.

The promissory note was endorsed to the plaintiff by the Grauman Company, without recourse, and on March 27, 1952, the District Court of the City and County of Denver, Colorado, entered judgment against the defendants for $2,213.10, plus costs, in an action by the plaintiff on the note. Judgment was rendered under the cognovit provisions contained in the note, the defendants neither being served with process nor otherwise appearing.

The lower court concluded the Grauman Company, in procuring the signatures of defendants upon the promissory note at Las Vegas, New Mexico, violated the provisions of Ch. 46, Laws of 1933; that the cognovit provisions of the note were void and the Colorado judgment obtained thereunder was jurisdictionally defective.

On this appeal the plaintiff contends the Colorado judgment is entitled to full faith and credit here and is valid in all respects. It specifically objects to the refusal of the trial court to receive in evidence a copy of the conditional sale contract executed in Colorado between the defendants and the Grauman Company, wherein it is expressly provided: "This contract is entered into and is to be performed at Denver, Colorado. All disputes shall be decided according to the laws of the State of Colorado." Apparently the exhibit was excluded from evidence upon the basis the earlier contract had merged in the promissory note and chattel mortgage.

The plaintiff contends the stipulation of the parties to be bound by the laws of Colorado did not merge in the note. It is further contended that the whole transaction in question, considered under any of the various choice-of-law doctrines, should be governed by Colorado law, as the contract was made in that state, there to be,

performed, that it was breached in Colorado and action was there instituted upon the default under a procedure recognized as vesting the Colorado forum with jurisdiction over the defendants.

It should be noted at the outset it is nowhere contended or suggested the promissory note containing the cognovit provision or the agreement in the conditional sale contract that the parties would be bound by Colorado law were made in bad faith or under conspiracy to defeat the public policy of this state as declared by Chapters 46 and 48, Laws of 1933. Chapter 46 now appears as §§ 21–9–16, 21–9–17, N.M. S.A.1953, and Chapter 48 as § 21–9–18, N.M.S.A.1953. These laws have never been amended. The present §§ 21–9–16 and 21–9–18 (formerly designated §§ 19–916, 19–918, N.M.S.A.1941) have been quoted in full in Ritchey v. Gerard, 1944, 48 N.M. 452, 152 P.2d 394, and will not be repeated here. It is sufficient to note the first of these sections declares cognovit provisions executed as part of a negotiable instrument or written contract to pay money, and before a cause of action has accrued thereon, are illegal and void. The second defines a cognovit note and declares any person who procures the execution, endorsement or assignment thereof, or who accepts and retains such instrument as payee, endorsee or assignee, or whoever attempts to enforce a foreign judgment based upon any such instrument shall be deemed guilty of a misdemeanor and penal-

ized upon conviction. Section 21–9–17 forbids execution or other process to aid or enforce a foreign judgment obtained under cognovit provisions and declares no such judgment shall be or become a lien upon real estate.

▆ Certainly our statutes may not be construed or administered in a manner offensive to art. IV, § 1, of the United States Constitution providing full faith and credit shall be given in each state to the judicial proceedings of every other state.

The narrow question before us is whether the procedure authorized under cognovit provisions contained in a promissory note executed in this state and payable in Colorado, in connection with a contract made and to be performed in Colorado, is sufficient to give the Colorado court jurisdiction over the defendants in an action upon the promissory note.

Numerous cases are collected in the Annotation in 19 A.L.R.2d 544, entitled "What law governs validity of warrant or power of attorney to confess judgment." After describing the different rules employed in different states as to governing law (i. e., the place of execution, the place of payment of the obligation, or the law of the forum either where judgment is sought or where a foreign judgment is sued on) the annotator urges adoption of a distinction between formal and substantive validity. Questions as to form of execution would therefore be referable to the laws of the

state where the cognovit provision was executed, while questions affecting the essential or substantial validity of such provision would be referable to the laws of the place of performance.

The annotation recognizes, however, that existing judicial authority preponderates in favor of the view the validity of these provisions is governed by the law of the place of execution, with little or no discrimination as to questions of formal or substantive validity.

While the learned trial judge proceeded in accordance with the weight of authority, where the agreement of the parties is silent on which law shall govern, we are of the opinion the present case should be controlled by the principle heretofore established in the case of Goode v. Colorado Investment Loan Company, 1911, 16 N.M. 461, 117 P. 856, where it was held competent for contracting parties to agree to be bound by the laws of the state of the residence of one of them where the contract was to be performed, although some portion of their agreement is illegal where executed and under the law of the forum where suit is brought. In that case Colorado law applied in an action to foreclose a mortgage on New Mexico realty and recovery of twelve percent interest upon the indebtedness was permitted, although the same would have been usurious under New Mexico law.

The doctrine of merger does not apply to the conditional sale contract here involved, except as its provisions are either carried forward or changed in the promissory note and chattel mortgage later executed thereunder, and the plaintiff should have been allowed to show the agreement of the defendants that all disputes would be decided under Colorado laws. Continental Life Ins. Co. v. Smith, 1936, 41 N.M. 82, 64 P.2d 377; Bass v. Occidental Life Ins. Co., 1914, 19 N.M. 193, 142 P. 798.

It is not controverted that in Colorado cognovit provisions incorporated in promissory notes, etc., are valid, and the appearance of an attorney thereunder and his confession of judgment are sufficient to confer jurisdiction upon the courts of that state.

The Colorado judgment is entitled to full faith and credit. The judgment of the lower court is reversed and the cause remanded with direction that plaintiff's complaint be reinstated and further proceedings be had in accordance herewith.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.