483 P.2d 935

In the Matter of the Petition of Sherrill D. Tuft and Thelma Tuft for the Custody of the Minor Children of Sherrill D. Tuft.

Sherrill D. TUFT and Thelma A. Tuft, Petitioners-Appellants,

v.

Barbara TUFT, Cross-Petitioner-Appellee.

No. 9062.

Supreme Court of New Mexico.

April 12, 1971.

B. J. Baggett, Farmington, for appellants.

No appearance for appellee.

OPINION

COMPTON, Chief Justice.

The Juvenile District Court of Sanpete County, Utah, on December 27, 1966, awarded the temporary custody of the minors involved herein to the State Department of Public Welfare of the State of Utah.

Thereafter, on September 10, 1969, and without the consent of the Department of Public Welfare or the Juvenile District Judge, the appellants brought the children to San Juan County, New Mexico, where they filed this suit for their custody. Pending a disposition of appellants' petition in New Mexico, the Sanpete County District Court conducted a hearing on appellee's petition for a modification of the custodial order issued by that court. At the Utah hearing the Juvenile District Court award-

**462**

ed the custody of the children to the mother, the appellee here.

Armed with the Utah judgment, appellee sought custody of the children in the San Juan County District Court and from an order dismissing appellant's petition and awarding the temporary custody to appellee on the authority of the Utah judgment, the appellants have appealed.

We see no error in the ruling of the court. We have said in a number of cases that the welfare of the child is the controlling consideration and that we would not hesitate to exercise our jurisdiction if warranted by changing conditions, even to the point of declining to give full faith and credit to the judgments of sister states. Smith v. South, 59 N.M. 312, 283 P.2d 1073; Albright v. Albright, 45 N.M. 302, 115 P.2d 59; Evans v. Keller, 35 N.M. 659, 6 P.2d 200; Mylius v. Cargill, 19 N.M. 278, 142 P. 918. This case does not fall within that class. Accordingly, the full faith and credit provisions of the United States Constitution would permit no other conclusion by the New Mexico Court. United States Constitution, Art. IV, § 1; Mountain States Fixture Company v. Daskalos, 61 N.M. 491, 303 P.2d 698.

But appellant, Sherrill D. Tuft, asserts that he was not a party to the Sanpete hearing. His position cannot be sustained by the facts. His New Mexico attorneys advised him to enter his appearance in the Utah hearing; his Utah attorney advised him otherwise. Nevertheless, his Utah attorney contacted the Utah Judge and sought a postponement of the hearing. Moreover, appellant was called as a witness and testified. Following the Utah decision, finding that appellant appeared personally and by counsel, his Utah attorney filed objections to the findings and conclusions.

The order dismissing the appellants' petition should be affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.