Focks v. Munger, 20 N. M. 335.

[No. 1755, May 14, 1915.]
# FOCKS v. MUNGER.

## SYLLABUS BY THE COURT.

1. Where habeas corpus proceedings are instituted by a natural mother to recover the custody of her child from the adopted mother, the expressed desire of the child, 10 years of age, to be permitted to remain with the adopted mother, should not control, or be determinative of what is to the best interest of such child.

P. 339

2. Where, upon habeas corpus proceedings instituted by the natural mother for the custody of her child, against the foster mother, it appears that the child was stolen from the natural mother when but two or three years of age and placed in the custody of the foster mother, who, however, was without knowledge of theft of the child, or the name or whereabouts of its mother, and such foster mother has given the child the tenderest of care and every attention, and the evidence also shows that the natural mother is a good, responsible, and worthy mother, against whose character and capacity to take care of said child no charge is made, the natural mother is entitled to the custody of the child.

P. 341

3. The burden of proving that the best interest of a child will be subserved thereby is not upon the parent seeking to recover its custody, but upon the party denying such restoration of the child to the custody of its parent.

P. 341

Appeal from District Court, Bernalillo County; Herbert F. Raynolds, Judge.

Habeas corpus by Mrs. F. A. Focks against Mrs. Mary Munger. From judgment for defendant, plaintiff appeals. Reversed, with directions.

VIGIL & JAMESON of Albuquerque, for appellant.

The wishes of the child are not material. The parents are entitled to the possession and custody of their own child as against a stranger.

Moore v. Christian, 56 Miss. 408, 31 Am. R. 375; State v. Richardson, 40 N. H. 272; Carter v. Brett, 42 S. E. 348; Carter v. Botts, 42 S. E. 348; Com. v. Briggs, 33 Mass. 203; Terry v. Johnson, 103 N. W. 319, 73 Neb. 653; Sloan v. Jones, 62 S. E. 21, 130 Ga. 836; Ex Parte Jones, 69 S. E. 217, 153 N. C. 312; Hammond v. Hammond, 90 Ga. 527, 16 S. E. 265; Wakefield v. Ives, 35 Ia. 238, 30 L. R. A. (N. S.) p. 147; Coleman v. Coleman, 81 Ark. 7, 98 S. W. 733; Woodward's Appeal, 81 Conn. 152, 70 Atl. 453; Sullivan v. People, 224 Ill. 468, 79 N. E. 695; Ross v. Ross, 129 Mass. 243, 37 Am. Rep. 321; Beatty, v. Davenport, 45 Wash. 555, 122 Am. St. Rep. 937, 88 Pac. 1109, 13 A. & E. Ann. Cas. 585.

The mother cannot be divested of any right by the adoption proceedings, since she had no notice thereof, nor was she a party or privy thereto.

Sec. 1499, C. L. 1897; section 1502, C. L. 1897; sec. 1504, C. L. 1897; Ferguson v. Jones, 17 Oreg. 204, 3 L. R. A. 620, 11 Am. St. R. 808, 20 Pac. 842, R. C. L. 607.

As to a natural parent who did not consent to the adoption of his child, and who received no notice, actual or constructive, of the proceedings to adopt, the order of adoption is not conclusive, and he *may dispute the existence of the fact upon which depended the jurisdiction of the court to entertain the proceeding* and render the judgment of adoption.

30 L. R. A. (N. S.) 148; Willis v. Bell, 86 Ark. 473, 111 S. W. 808; Miller v. Higgins, (Cal. App.) 111 Pac. 403; Sullivan v. People, supra; Lee v. Black, 30 Ind. 148; Re Carter, 77 Kan. 765, 93 Pac. 584; People ex rel. Cornelius v. Callan, 124 N. Y. Sup. 1074; Re Olsen, 3 Ohio N. P. 304; Booth v. Van Allen, 7 Phila. 401; Re Sleep, 6 Pa. Dist. R. 256; Beatty v. Davenport, supra;

Focks v. Munger, 20 N. M. 335.

State ex rel. Le Brook v. Wheeler, 43 Wash. 183, 86 Pac. 394; Schlitz v. Roenitz, 86 Wis. 31, 21 L. R. A. 483, 39 Am. St. Rep. 873, 56 N. W. 194.

Marron & Wood of Albuquerque, for appellee.

The right of parents to the custody and control of their children is not an absolute right which the court must in all cases recognize and enforce.

Kelsey v. Green, 69 Conn. 291, 38 L. R. A. 473; U. S. v. Savage, 91 Fed. 490; Ross v. Ross, 129 Mass. 243, 37 Am. R. 321; Clark v. Bayer, 32 Ohio St. 299, 30 Am. R. 593; Anderson v. Young, 44 L. R. A. 277; In re Mc-Dowls, 8 Johns. (N. Y.) 328; Bennett v. Bennett, 61 Ia. 198, 47 Am. R. 810; Mercein v. People, 25 Wend. 64; U. S. v. Green, 3 Mason, 482; Matter of O'Neal, 3 Am. L. Review, 578.

The probate court had jurisdiction to make the order of adoption, upon the ground that the child had been abandoned.

Sec. 1504, C. L. 1897; Nugent v. Powell (Wyo.), 20 L. R. A. 199; Matter of O'Neal, supra.

Right of appellant to custody of child was lost when she re-married.

Bonnett v. Bonnett, 61 Ia. 198; St. Ferdinand Academy v. Bobb, 52 Mo. 357; Worcester v. Marchant, 31 Mass. 510 at 513; Commonwealth v. Hamilton, 6 Mass. 273; State v. Scott and Wife, 30 N. H. 274; Matter of Goodenough, 19 Wis. 274; Whitehill v. St. Louis Co., 22 Mo. App. 60.

## STATEMENT OF FACTS.

In March, 1906, Mary J. Peters, now Mrs. Focks, the petitioner, procured a judgment of divorce from her husband, Elbert Peters, in the state of Missouri, which judgment gave to her the care and custody of her three year old son, Wallace Peters. A few months after the decree Elbert Peters, the father, surreptitiously took the child

away from the mother and disappeared from the state, and though the mother made search thereafter she was unable to locate the child until about the month of April, 1913, when she ascertained that he was in the custody and control of the appellee, at Albuquerque, N. M., who had adopted him pursuant to an order of the probate court of Bernalillo county.

When the father removed Wallace Peters from Missouri, he took him to Telluride, in the state of Colorado, where the father had employment in the mines, and placed him in care of the appellee, paying the board and care of the boy for two or three years, when the father, being out of work, ceased thereafter to contribute to the support of the child, who was left helpless and without means in the care of Mrs. Munger. The appellee endeavored to induce the father to care for or support the child, or to consent to his adoption by her; but the father did neither. The appellee likewise made diligent effort, in good faith, to locate the mother or other relatives of the child, but without success; and being greatly attached to the child, and he to her, and she being concededly a proper person to care for and train the child, she applied to the probate court of Bernalillo county and procured an order of adoption of the child upon the ground that he had been abandoned by his parents.

The petitioner herein was not made a party in said adoption proceedings and had no notice of the same. From the time the child was stolen from the mother, in 1906, she continued to make diligent efforts to discover the whereabouts of the child and to regain possession of him; but she never learned of his whereabouts until about the month of April 1913, and thereafter she came to Albuquerque, N. M., and instituted these proceedings for the purpose of recovering the custody of her child. Upon the evidence adduced, the trial court made findings of fact, upon which conclusions of law were stated. The court found the facts herein stated, and that the mother had diligently prosecuted the search for her child, and that she was guilty of no laches; also:

"That the defendant, Mrs. Mary Munger, is in all respects a suitable and proper person to have the care and custody of the child, has raised other children by adoption, and has given them excellent training and education, is deeply attached to the child, Wallace Munger, and in the judgment of the court the best interest and welfare of the said child requires that he be left in the care and custody of the defendant, Mary Munger, and not taken from her care and custody."

The court also found the following:

"That said petitioner, Mrs. F. A. Focks, has been and is a good, responsible, and worthy mother, and one against whose character or capacity to take care of said child, Wallace Peters, there are no charges," and "that said petitioner, Mrs. F. A. Focks, is married to a man who is able, ready, and willing to support and educate the child, Wallace Peters."

Upon the facts so found, judgment was entered dismissing the petition and awarding the custody of the child to Mrs. Munger. From this judgment, Mrs. Focks appeals.

## OPINION OF THE COURT.

ROBERTS, C. J. (after stating the facts as above).— Appellee concedes that the adoption proceedings are not binding upon appellant, as she was not made a party or served with notice therein. This being true, the only question for determination here is whether, upon the facts as disclosed by the record and found by the court, judgment was properly rendered for the respondent.

[1] It is true the trial court expressed the conclusion, upon the facts found and after an interview with the child, that "in the judgment of the court the best interests and welfare of the child requires that he be left in the care and custody of the defendant, Mary Munger, and not taken from that care and custody"; but, if this conclusion is not supported by the facts, it can have no bear-

ing upon the decision here. There was no dispute as to the facts in the case. Both the mother and Mrs. Munger, the respondent, were shown to be most excellent women, and suitable and proper persons to have the care and custody of children. The moral influence in both homes was apparently above reproach, and, while neither the petitioner nor the respondent was wealthy, yet each was shown to have sufficient resources to enable her to properly care for the child. It is true the child expressed a desire to the trial judge to be allowed to remain with his foster mother; but this was only natural, because he was taken from his own mother when but two or three years of age, and naturally looked upon her as a stranger. He had received from Mrs. Munger the kindest of treatment, and returned it with his love and affection. We do not believe, however, that the expressed desire of a child, 10 years of age, should control; for it is a matter of common knowledge that children of this age bestow their afections upon those who are kind to them, and soon forget their parents, when they are taken from them by death or other causes. In the case of Moore v. Christian, 56 Miss. 408, 31 Am. Rep. 375, the court said:

"The boy, it is true, expresses a preference to remain with the appellee; but, while in doubtful cases the wishes of a child of this age will be sought, and to some extent be observed, we cannot for a moment agree that a boy of 13 can be allowed, at pleasure, to abandon his filial duties, and select elsewhere a home more agreeable either to his desires or his wordly interests. So to hold would simply be to offer a premium to the children of the poor to shirk the duties to which their station in life has called them, and to permit them, at the sacrifice of all the natural affections, to set about bettering their condition, at a period of life when the law dedicates both their persons and their services to parental control."

[**2**]  This being true, we must eliminate the expressed desire of the child from consideration, unless it appears from the evidence that there is a doubt as to the capability of the natural mother to care for the child in a proper manner.  No such doubt exists in this case; therefore we are relegated to the simple question as to which of the two women, both shown to be equally capable and worthy, should the custody of the child have been given—one being the natural mother, the other the foster mother, of the child.  On this question there can be no doubt but that the natural mother is entitled to its custody.  Any other rule would run counter to the law of nature and to every emotion of the human heart.  While Mrs. Munger is doubtless deeply attached to the boy and loves him devotedly, yet the mother who gave him birth, and suckled him as a baby, and from whom he was stolen, has the first claim upon him, under both the human and divine law, unless by her dissolute life, or for other reasons, she has forfeited this claim.

This case is to be distinguished from those cases, wherein the parents have surrendered voluntarily the custody of their child, or children, to others, who have cared for them for years, when the parents seek to recover them. In such cases some of the courts refuse to aid them. Here the child was stolen from the mother, who ever since has expended all the money she could spare in a ceaseless search for him, which was finally rewarded by finding him in the possession of the respondent.

[**3**]  If it be assumed that in this case, under the peculiar facts which exist, the court could properly enter upon an inquiry as to what would be for the best interest of the child, it must likewise be apparent that the burden of showing that the welfare of the child would be best subserved by allowing it to remain with its adopted mother would be upon her, and not upon the natural mother to show that its best interests would be subserved by awarding her its custody. . Any other rule would place the parent at a decided disadvantage, and would enable strangers to take and hold possession of children, unless the parents were able to establish that the children would

be better cared for and raised by them than by the parties having them in custody. The presumption is that the child will be better cared for by its own parents than by strangers, and therefore it is incumbent upon the stranger to show to the contrary, if he would retain the custody of the child under this rule. Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672; State v. Deaton, 93 Tex. 243, 54 S. W. 901. In State v. Richardson, 40 N. H. 272, the court said:

> "The discretion to be exercised is not an arbitrary one; but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law had provided, until it is made plainly to appear that the father is no longer worthy of the trust."

> "A mother of high character, who was well able to take care of her infant daughter, was entitled to her custody, though parties who had attempted to adopt the child under proceedings subsequently declared void were in better pecuniary circumstances than the mother." Carter v. Botts, 77 Kan. 765, 93 Pac. 584.

For other cases in which the courts have held similarly, see Com. v. Briggs, 33 Mass. (16 Pick.) 203; Terry v. Johnson, 73 Neb. 653, 103 N. W. 319; Sloan v. Jones, 130 Ga. 836, 62 S. E. 21; Ex parte Jones, 153 N. C. 312, 62 S. E. 217, 138 Am. St. Rep. 670; Hammond v. Hammond, 90 Ga. 527, 16 S. E. 265; Wakefield v. Ives, 35 Iowa, 238.

In this case the burden was upon the appellee to show that the natural mother, because of some vice, or some other lawful reason, was not the proper person to have the

care and custody of her child. This she failed to do, and the court found:

> "That said petitioner, Mrs. F. A. Focks, has been a good, responsible, and worthy mother, and one against whose character or capacity to take care of said child, Wallace Peters, there are no charges."

Such being the state of the case, the trial court should have awarded the custody of the child to the appellant.

The judgment of the trial court will be reversed, with instructions to enter judgment awarding the custody of the child, Wallace Peters, to the petitioner, Mrs. F. A. Focks; and it is so ordered.

HANNA and PARKER, J.J., concur.

### SYLLABUS BY THE COURT.

