(No. 25290.—

THE PEOPLE *ex rel.* John J. Whalen, Appellant, *vs.* THOMAS SHEEHAN *et al.* Appellees.

*Opinion filed February 13, 1940.*

MARTIN PIEPENBURG, and GILBERT T. GRAHAM, for appellant.

Mr. JUSTICE GUNN delivered the opinion of the court:

On leave granted, appellant has appealed from a judgment rendered by the Appellate Court for the First District in this case.

John Whalen, Jr., was a child of the age of two and one-half years in March, 1938. His mother died January 25, 1938, and his father, John J. Whalen, permitted the child to go to the home of Thomas Sheehan and Catherine Sheehan, appellees, who were the maternal grandparents

of the child. The child was taken to the home of the grandparents on February 1, and was to be returned in a few days. When appellant requested the return of his child on February 4, the grandparents refused to give it up and a petition for writ of *habeas corpus* was filed on February 10, 1938. The trial court did not permit the introduction of any testimony but ordered an investigator to make a report with reference to the fitness of the father to have the care and custody of the child and also to investigate the home and fitness of the grandparents. The report found that appellant, the father, was a fit person to have the care and custody of the child and that he had not abandoned the child or in any way surrendered the legal right to its care, custody and control. It further found that Thomas Sheehan and Catherine Sheehan, the grandparents, were fit people to have the care and custody of the child and were in a position to take care of it. On March 25, 1938, the court entered an order awarding the care and custody of the child to its father but included in the order a provision that the grandparents should have the right of visitation from 11:00 o'clock A.M. to 3:00 o'clock P.M. each Sunday, and to have the care and custody of the child during those hours.

Appellant filed a petition to vacate that portion of the order giving rights to the grandparents and the same was set for hearing, and on June 23, 1938, the trial court vacated that portion of the order. On the same day, June 23, 1938, appellant gave notice of an appeal from that part of the judgment entered on March 25, 1938, reading as follows: "It is further ordered that the defendants, Thomas Sheehan and Catherine Sheehan from 11:00 o'clock A.M. until 3:00 o'clock P.M. of each Sunday shall have the right to the custody of said child for visitation purposes."

The Appellate Court in its opinion found, in substance, that the modification order entered on June 23, 1938, was entered more than thirty days after the entry of the final

order made on March 25, and was, therefore, made without jurisdiction, and reversed the judgment and remanded the cause, with directions to strike out the modifying order entered on June 23, which would have the effect of leaving the original order in full force giving the grandparents partial custody of the child.

The Appellate Court cites three decisions from other States to support the theory that the grandparents were entitled to partial custody and visitation privileges. The law of this State, however, is otherwise. In numerous cases the rule is laid down that the parent has the exclusive care and custody of his own child unless he has forfeited that right by some act of his own, or unless he is deemed a person unfit to have the care and custody of said child. (*Stafford* v. *Stafford,* 299 Ill. 438; *Sullivan* v. *People,* 224 id. 468; *Cormack* v. *Marshall,* 211 id. 519; *Hohenadel* v. *Steele,* 237 id. 229; *People* v. *Turner,* 55 id. 280.) The appeal in this case was not taken from the order entered on June 23 but was taken from the order of the trial court made on March 25, 1938, and was taken before the expiration of ninety days. The Appellate Court was correct in saying that the circuit court had no jurisdiction to amend its order more than thirty days after it was entered. However, appellant had, in apt time, appealed from that part of the order entered on March 25, giving appellees partial custody of the child. From the record, there is no question about the fitness and capability of appellant to take care of his own child and the circuit court attempted to correct the erroneous part of the order after it had lost jurisdiction. This did not, however, prevent appellant, within the time permitted by statute, from appealing from the original order, and the record shows he did so appeal. The Appellate Court reversed the judgment and gave such directions as to leave the invalid part of the order of March 25, 1938, in effect, when the judgment should have been reversed and the cause remanded with directions to strike out

the invalid part of the same order set out in the notice of appeal.

The judgment of the Appellate Court is reversed and the cause remanded to the circuit court, with directions to strike out the part of said order giving Thomas Sheehan and Catherine Sheehan partial care and custody of said child.

*Reversed and remanded, with directions.*