**124 P.2d 776**

**YOUNG v. YOUNG.**

No. 4684.

Supreme Court of New Mexico.

April 9, 1942.

Rehearing Denied May 5, 1942.

J. D. Mell and M. W. Hamilton, both of Santa Fe, for appellant.

Arthur Livingston, of Santa Fe, for appellee.

SADLER, Justice.

This appeal involves the custody of two infant children of the marriage between plaintiff (appellee) and defendant. The parents were divorced by a decree entered by the district court in this cause on the 10th day of June, 1938. The decree awarded the custody of Loretta, then slightly under two years of age, to the defendant, her father, and the custody of Doris, then slightly under one year of age, to the plaintiff, her mother.

Neither parent being then in position to care for the children, their immediate care and custody was placed by both parents with their paternal grandparents where, as the record bespeaks, they were well provided for. Subsequently, and on the 22nd day of August, 1938, the plaintiff was remarried to one Dale Dennison. Thereafter and in the latter part of March,

1939, the plaintiff reclaimed from the paternal grandparents the custody of the younger child, Doris, whose custody had been awarded her by the final decree as already stated.

Thereafter, on the 11th of May, 1939, the defendant filed in the cause a petition alleging the plaintiff was not so situated that she could properly and adequately care for the younger child; that she was not a fit and proper person to have the custody of such child; that defendant's parents were fit and proper persons for the custody of this child and were able and willing to assume the responsibility of her care and education. He prayed that an investigation be made and that upon final hearing custody of the child be awarded to his parents, the paternal grandparents of the child.

The plaintiff answered, denying the material allegations of the petition and by cross-bill alleged that she, the mother of the children, had been remarried; that she had a home; that she was a fit and proper person to have the care and custody of both children; and that she was so situated that she could properly and adequately care for them. She prayed in effect that the custody of the younger child, Doris, awarded her by the final decree, be confirmed and that the provision of the final decree awarding the custody of Loretta, the elder child, be revoked and her custody awarded to plaintiff.

After several hearings at which testimony of the parties and of various witnesses was adduced by both sides, the court made findings of fact and its conclusion of law as follows:

"Findings of Fact.

"1. That the plaintiff and cross-petitioner, LaVerne Young, now Mrs. LaVerne Dennison, the natural mother of Loretta Young, born August 11th, 1936, and Doris Young, born August 10th, 1937, is a fit and proper person to have the care, custody and control of said minor children.

"2. That Dale S. Dennison, the husband of LaVerne Dennison, is willing that his wife have the care, custody and control of her two children; that he is a fit and proper person to be the step-father of the said children; that he is financially able to furnish proper and sufficient support, maintenance and education for the said children.

"3. That the paternal grandparents of the children, Mr. and Mrs. Ed Young, while financially able and fit to properly care for said children, are not the proper persons to have the care, custody and control of both or either of said children in this matter, as against the natural mother of the children.

"4. That the father of said children, the petitioner herein, does not desire the care, custody or control of the said children.

"5. That it is for the best interests of said children that their care, custody and control be given to their natural mother, Mrs. LaVerne Young Dennison.

"Conclusions of Law.

"That LaVerne Young Dennison, natural mother of the children, Loretta Young and Doris Young, be awarded and granted full and complete care, custody and control of the said children."

■ While the defendant has assigned eight errors claimed to have been committed by the trial court, all easily resolve themselves into the single point argued, namely, that the court erred in granting the custody of said children to the appellee. In order to be considered by us the defendant's argument must transform itself into a challenge of the sufficiency of the evidence to sustain the findings made and a claim that it so preponderates the other way as to have rendered it error to refuse defendant's requested findings. And such in substance and effect is the tenor of his argument under the single point presented. But his argument, so considered, is met face to face with the long established principle of review that findings supported by substantial evidence will not be disturbed in this court on appeal. The evidence is substantial and, hence, is binding on us.

■ Unquestionably, the claim of a child's natural mother to its care and custody exercised a controlling influence over the trial judge in awarding custody of both children to their mother. The paternal grandparents were found to be fit and proper persons to have the care, custody and control of the children and the evidence abundantly reflects that they entertain for them a deep affection. But, other things being equal, the natural mother has a superior claim. In Focks v. Munger, 20 N.M. 335, 149 P. 300, 301, L.R.A.1915E, 1019, we said: " * * * therefore we are relegated to the simple question as to which of two women, both shown to be equally capable and worthy, should the custody of the child have been given—one the natural mother, the other the foster mother, of the child. On this question there can be no doubt but that the natural mother is entitled to its custody. Any other rule would run counter to the law of nature and to every emotion of the human heart."

We find no occasion to invoke 1929 Comp., § 105-2521, by assessing damages for delay, as requested by the plaintiff, even if the statute be applicable to a decree of this kind, a matter about which we express no opinion.

It follows that the decree reviewed must be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.