220 P.2d 378

## COOK v. BROWNLEE.

### No. 5253.

Supreme Court of New Mexico.

July 10, 1950.

L. C. White, Santa Fe, W. Coburn Cook, Turlock, Cal., for appellant.

Charles B. Barker, Santa Fe, H. A. Kiker, Santa Fe, for appellee.

COMPTON, Justice.

The appeal involves the right to the custody of appellant's son, Fletcher Tarkington Cook,. Jr., now of the age of 15½ years. Appellant proceeds on the theory that as father of the child, in the absence of a showing of unfitness, he has the superior right to its custody.

The parents first met while attending the University of New Mexico. It was a college romance, culminating in marriage in 1932. Soon thereafter, they left for California and established their home with appellant's mother. Things did not go well with them and in 1935 the mother returned with the child to Santa Fe and again took up her residence in the home of appellee, her father, with whom they lived until her death in 1946. In 1938, she was granted a divorce and was awarded the custody of the child. Although not required to do so, appellant shared the expense of the child to the extent of $15.00 monthly for a period of 18 months immediately following the divorce. He also gave the child Christmas presents and birthday gifts of small value. He continued to live in California and has seen the child but twice since the separation in 1935. In the meantime he has not sought a change of custody, so the father and son are barely acquainted. The evidence clearly shows that appellee was the principal support of his daughter and the child until her death in 1946, after which he has been the sole support of the child.

There is a diversity of opinions in cases of this kind. Some cases hold that proof of parentage establishes a prima-facie case entitling the parents to the custody of their minor children in the absence of a showing of forfeiture or unfitness. Bustamento v. Analla, 1 N.M. 255; Focks v. Munger, 20 N.M. 335, 149 P. 300, L.R.A.1915E, 1019; People ex rel. Whalen v. Sheehan, 373 Ill.

79, 25 N.E.2d 502; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. Also see 39 Am.Jur. "Parent and Child", Sec. 26, annotation 128 A.L.R. 990, where the cases are assembled.

Others hold that the unfitness of the parents is not a subject of inquiry in habeas corpus proceedings where a defendant asserts no legal right to detain the child. Ex parte Reinhardt, 88 Mont. 282, 292 P. 582; Lovell v. House of Good Shepherd, 9 Wash. 419, 37 P. 660, 43 Am.St.Rep. 839; Rochford v. Bailey, 322 Mo. 1155, 17 S.W.2d 941; Robertson v. Robertson, 72 Cal.App.2d 129, 164 P.2d 52. See Bancroft's "Pleading and Practice", Vol. 4, Sec. 3334; 39 C.J.S. Habeas Corpus, § 41 (b). Also see Wilkin's "Summary of California Law", Sixth Ed., page 1360.

In this jurisdiction, however, the welfare of the child has always been the controlling consideration. Bustamento v. Analla, supra; Focks v. Munger, supra; Pra v. Gherardini, 34 N.M. 587, 286 P. 828; Crosby v. Harral, 35 N.M. 575, 4 P.2d 655; In re Hogue, (Crook v. Walker), 41 N.M. 438, 70 P.2d 764; Young v. Young, 46 N.M. 165, 124 P.2d 776. But, we can safely say that parents, other things being equal, are entitled to custody of their minor children. Focks v. Munger, supra.

Appellee and his sons are the owners of a ranch near Perryton, Texas, occupied by the son, Jesse E. Brownlee, Jr. The child, while not actually living in the home of appellee, lives on the ranch with his uncle. In her lifetime, the mother was part owner of the ranch and, by will, established a trust for her child who is the sole beneficiary. The trust consists of approximately 1,280 acres of land, with an annual income of approximately $2,000.00. It has potential mineral value, having recently been leased for $5,067.00 for the exploration of oil and gas. Appellee's sons, Jesse E. Brownlee, Jr. and William Tandy Brownlee, are trustees of the estate. Appellee offers to continue to support and educate the child without expense to him if left in his care. The evidence strongly suggests that the child suffered from a respiratory illness in 1946 and 1947, a disease of which his mother died. Apparently he has recovered, or at least, the case is arrested. While with appellee he has received proper educational, moral and social advantages. He is now happy, healthy, contented and prefers to remain with appellee. To change the custody to appellant, a stranger, against the will of the child, might present a situation bordering on disaster. The wishes of a child of this age may well be controlling. Knochemus v. King, 193 Iowa 1282, 188 N.W. 957. Manifestly, these considerations moved the court to conclude that it was for the best interest of the child that he remain in the custody of appellee.

Touching the illness of the child, the court permitted witnesses to testify concerning the physician's findings as to his illness. The admission of this evidence is assigned as error. It is not shown that the court based its conclusion upon the claimed hearsay evidence. Nevertheless, a ruling of the court was not invoked thereon, and he cannot raise the question here for the first time.

The conclusion of the trial court that it was for the best interest of the child to remain in the custody of appellee is well founded. It is supported by the findings of fact; the findings are supported by substantial evidence. Under the well settled substantial evidence rule the findings are binding upon appeal.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., not participating.