234 P.2d 1043

**ADAMS v. COX.**

No. 5395.

Supreme Court of New Mexico.

Aug. 11, 1951.

Frazier, Quantius & Cusack, Roswell, for appellant.

A. B. Carpenter, Roswell, for appellee.

COMPTON, Justice.

Appellant, a broker, brought this action to recover a commission of $1,000 for the sale of certain real estate, the property of appellee. He contends that appellee employed him to sell the Lighthouse Laundry, and appurtenant premises, situated in Roswell, New Mexico, for the sum of $20,000 and agreed to pay a commission of five per cent for his services. He claims that he produced a purchaser who was able, willing and ready to perform and that appellee refused to pay the commission agreed upon.

Appellee admits the listing of the property but claims that the consideration was to be paid in cash. He denies that appellant produced a purchaser for cash, pursuant to the terms of the listing. Appellee contends that the proposed purchaser did not have available cash and that they attempted to negotiate a sale on terms and conditions different from the listing but that such terms were unacceptable to appellee and no sale was made, hence no commission was payable.

The cause was tried to the court sitting with a jury which found the issues in favor of appellee. Following the denial of a motion for a new trial, judgment was entered for appellee, from which the appeal is taken.

Appellant moved for a new trial, principally on the ground that the verdict was not supported by evidence, the overruling of which is assigned as error.

When a judgment is attacked as being unsupported, the powers of the appellate court ends with the determination of whether there is substantial evidence to support it, contradicted or uncontradicted. And, in reviewing the evidence on appeal, all conflicts must be resolved in favor of the successful party and all reasonable inferences indulged in to support the verdict. Tested by these rules we briefly summarize the evidence.

Appellee listed the Lighthouse Laundry with appellant for a cash consideration of $20,000 and agreed to pay a commission of five per cent. Subsequent to the listing, appellant produced a proposed purchaser and at the same time informed appellee that the purchaser possibly did not have sufficient funds to pay the consideration in cash. Appellee agreed to carry $2,000 if satisfactory arrangements could be made. He then signed an escrow agreement which he claims was in skeleton form without words or figures indicating terms or conditions of any kind in the payment of the consideration, after which it was delivered to appellant. Thereafter, they went to the office of Mr. E. G. Minton, of the Equitable Building & Loan Association of Roswell, to close the deal. Appellee there found that the contract previously signed by him had been altered. Inserted therein were provisions for a cash payment of $12,500 and the balance of $7,500 to be paid in monthly installments of $200. The purchaser had available cash of $5,000 only, and to raise an additional amount, the purchaser had arranged with the Equitable Building & Loan Association for a loan of $7,500 to be secured by the property purchased and other property. The purchaser offered to pay appellee $12,500 cash and to give him a second mortgage on the premises to secure the remaining $7,500. These terms and conditions were unacceptable and appellee refused to consummate the deal. Nevertheless, he offered to complete the sale if appellant could find a cash purchaser for the second mortgage which he failed to do.

The evidence, though conflicting, is substantial. Possibly, members of this court upon reviewing the record would reach a different conclusion from that reached by the jury. But it was the province of the jury to determine issues of fact, and when more than one inference can be drawn from the facts, the reviewing court cannot substitute its deductions for the conclusions reached by the jury.

The granting a new trial is a matter resting in the sound discretion of the trial court and its conclusion will not be disturbed in the absence of an abuse of discretion. Medler v. Henry, 44 N.M. 275, 101 P.2d 398. We find nothing in the record indicating any such abuse.

Previously, the sales contract was before us in Adams v. Cox, 52 N.M. 56, 191 P.2d 352, and again in 54 N.M. 256, 221 P.2d 555, where it was sustained. Appellant argues that the question of commission is now res judicata and points to the inconsistency of the verdict of the jury. The argument is without logic. To make a matter res judicata there must be an identity of subject matter, causes, parties, and identity in the character of the persons for and against whom the claim is made. Lindauer Mercantile Co. v. Boyd,

11 N.M. 464, 70 P. 568; Hart v. Walker, 35 N.M. 465, 2 P.2d 1074; Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237. Such is not the case, the claim and the parties are different.

Appellant assigns error in the overruling of various motions interposed throughout the trial, the refusal to give requested instructions, the instructions given, and the admission of evidence. Our review of the record, however, fails to disclose any such error.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COORS, JJ., concur.