270 P.2d 702

STATE ex rel. HOCKENHULL et al.

v.

MARSHALL.

No. 5771.

Supreme Court of New Mexico.

May 11, 1954.

Irwin S. Moise and Lewis R. Sutin, Albuquerque, for relators.

Joseph M. Montoya and Edwin L. Felter, Santa Fe, for respondent.

COMPTON, Justice.

Relators challenge respondent's jurisdiction to act in a proceeding now pending

in the district court of Santa Fe County wherein James L. Brandenburg sued relators for the custody of his minor daughter, Kathryn Rae Brandenburg.

Kathryn Rae Brandenburg is the infant daughter of James L. Brandenburg and Jo Ann Brandenburg. On March 6, 1952, they were divorced in Bernalillo County and the custody of Kathryn Rae was awarded to the mother, Jo Ann Brandenburg, with the usual right of visitation by the father. Subsequently, on August 17, 1953, the mother died; but the fact of her death being uncertain at the time, relators, the great grandparents of Kathryn Rae, went to Bernalillo County, the place of domicile of Kathryn Rae, and took her to their home in Clovis, Curry County. Thereafter, on September 8, 1953, when the death of the mother was established, without notice to the father, they applied to the Probate Court of Curry County and were appointed guardians of her estate and person.

The father, James L. Brandenburg, resides in Santa Fe County. On October 27, 1953, while the minor was physically in relators' custody in Curry County, he petitioned the Probate Court of Santa Fe County and was appointed guardian of her estate and person. He then filed an action in the District Court of Santa Fe County against relators for her custody. A motion challenging the jurisdiction of the District Court of Santa Fe County, filed by relators, was denied by respondent, after which they instituted this proceeding.

The questions presented are (a) whether the Probate Court has jurisdiction to determine custody status, (b) whether the Curry County proceedings being ex parte are void for want of due process, and (c) whether upon the death of the mother, custody reverted automatically to the father.

We readily conclude that Probate Courts are vested with jurisdiction. Hagerman v. Meeks, 13 N.M. 565, 86 P. 801. The statute which confers exclusive jurisdiction in guardianship matters upon Probate Courts is § 16–410, N.M. Sts. Anno. 1941 Comp. The section reads:

"The probate courts shall have exclusive original jurisdiction in all the following cases, * * * the appointment and removal of guardians of minors, the settlement and allowance of accounts of executors, administrators and guardians, the hearing and determination of all controversies respecting wills, the right of executorship, administration and guardianship, the hearing and determination of all controversies respecting the duties, accounts and settlements of executors, administrators and guardians, the determination of heirship, the hearing and determination of all controversies

respecting any order, judgment or decree in such probate courts with reference to any of the foregoing matters of which the probate courts are herein given exclusive original jurisdiction, and no suit shall be prosecuted or begun in any district court to review or in any manner inquire into or reopen or set aside any such order, judgment or decree, and no such order, judgment or decree shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law. Provided, however, that this section shall in no way affect the powers of the district court to act in cases removed to it from the probate court by virtue of the various removal statutes now in existence or that hereafter may be enacted. * * *"

■ Nor do we believe the due process clause has been violated. Whether notice to parents is essential to the validity of appointment of guardians has not been determined in this jurisdiction. Other courts with similar statutes hold that notice is not essential unless required by statute. Our statutes relating to the appointment of guardians are sections 35–105 to 109, inclusive, and these make no such requirement.

In Ex parte Wallace, 26 N.M. 181, 190 P. 1020, the court, while dealing with the question of notice to a putative father, cited with approval the Massachusetts case of In re Gibson, 154 Mass. 378, 28 N.E. 296, 297, wherein that court held:

"By Gen.St. c. 109, § 2, then in force, the probate court was empowered to nominate and appoint a guardian for any minor under the age of 14 years. The statute did not, in terms, require any notice of the proceedings, or any nomination or consent on the part of the minor · or of any person. We see no reason why, in such cases, notice should be held to be essential to the validity of the proceedings; and the history of the legislation on the subject, in connection with the decisions and practice, confirms this view. * * * We are of the opinion, therefore, that notice is not essential to the validity of such an appointment. * * ·*"

In re Lundberg, 143 Cal. 402, 77 P. 156, 159, under consideration was a statute which required notice be given only to persons having the care of minors and to relatives of the county, as the court at its discretion might direct, and the court said:

"* * * So far as the provisions of the statute are concerned, it is therefore a sufficient answer to this collateral attack upon the order of appointment on the ground of want of notice to the mother that the supe-

rior court did not require any such notice to be given. The filing of a petition showing the necessity for the appointment of a guardian of the person of this minor, a resident of the city and county of San Francisco, and the giving of the notice prescribed by the court to the person having the care of the minor—no notice to any other person having been required by the court—gave to the court full and complete jurisdiction to make an appointment, good as against any collateral attack.

\*     \*     \*     \*     \*     \*

"It is urged that such a proceeding, had without notice to a parent, even though in terms authorized by the statute, deprives the parent of a valuable right without due process of law; the intimation being that, so far as the statute authorizes such a proceeding without such notice, it is invalid. We cannot assent to this view. \* \* \* If it subsequently develops that a parent has by such proceedings been fraudulently deprived of the custody of his minor child, the order of appointment may be annulled or vacated by appropriate proceedings; and the court having jurisdiction of the guardianship proceedings will always, upon seasonable application by a parent who did not in fact have notice, liberally exercise the discretionary power confided to it, to give the parent full opportunity to be heard upon the question as to the necessity for the appointment of another as guardian. And finally the guardian so appointed may be removed whenever it is no longer proper that the ward should be under guardianship.

"\* \* \* We have found no case in which it was held that an appointment of a guardian of the person of a minor, made in accordance with all statutory requirements, was void for want of actual notice to a parent, and open to collateral attack."

Likewise, In re Thomsen, 1 Neb.Unoff. 751, 95 N.W. 805, 806, it was held:

"\* \* \* Proceedings for appointment of a guardian are, it is true, proceedings in rem, and no notice is necessary to the validity of the appointment. \* \* \*"

And the California Court In re Morhoff's Estate, 179 Cal. 595, 178 P. 294, 295, held:

"It is argued that Mr. Morhoff was entitled to formal notice of the proceeding for appointment of a general guardian. The statute does not contemplate such notice as a jurisdictional prerequisite to the court's action."

See also Ware v. Farmers National Bank of Dansville, 37 N.M. 415, 24 P.2d 269;

Jones v. Prairie Oil & Gas Co., 273 U.S. 195, 47 S.Ct. 338, 71 L.Ed. 602.

Our own courts hold that the controlling consideration in child custody cases is the child's welfare. Jurisdiction in such cases does not depend upon legal domicile. Where the child is actually residing and physically present within the territorial jurisdiction of the court, such courts have jurisdiction by virtue of the doctrine of parens patriae, though the child may have its domicile elsewhere; its welfare transcends all other considerations. Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487; State ex rel. Day v. Parker, 55 N.M. 227, 230 P.2d 252; Cook v. Brownlee, 54 N.M. 227, 220 P.2d 378; Evens v. Keller, 35 N.M. 659, 6 P.2d 200; Payton v. Payton, 29 N.M. 618, 225 P. 576; Lowery v. Fayette County Children's Bureau, 306 Ky. 817, 209 S.W.2d 487.

In Bassett v. Bassett, supra [56 N.M. 739, 250 P.2d 491], we said:

"The rule is well established by the great weight of authority that jurisdiction in child custody cases does not depend upon legal domicile but, where the minor child is actually residing and physically present within the territorial jurisdiction of the court, such court takes and has jurisdiction by virtue of the doctrine of parens patriae regardless of the legal domicile of the child."

It is our opinion that custody of the infant did not automatically revert to James L. Brandenburg by survival. Her status had theretofore been fixed by decree of the District Court of Bernalillo County and the death of the mother rendered that judgment functus officio and no one was entitled to her custody as a matter of right. The father's claim, however, is a matter to be determined by the court having jurisdiction upon proper application.

In Bryan v. Lyon, 104 Ind. 227, 3 N.E. 880, 884, the mother died and the father was contending for their children by survival, and the court denied his plea, saying:

"* * * The mother is dead. Her right to the custody of the children descended to no one. The status of the children, as fixed by the decree and judgment in the divorce case, has been destroyed by the death of the mother and custodian. Upon her death no one had the right to the custody of the children, unless appellant, by reason of being their father * * * might claim that custody. * * *"

In re Elmer's Guardianship, 125 N.J.Eq. 148, 4 A.2d 387, the father made a similar contention, and the court in rejecting his plea, said:

"The death of the mother to whose custody an infant had been awarded by a divorce decree did not automatically

operate to revert the custody of the infant to its father."

It is our conclusion that the Probate Court of Curry County having first acquired jurisdiction of the guardianship proceeding when Kathryn Rae was found actually residing in Curry County, retains it to the end free from collateral attacks. Malcomb v. Smith, 54 N.M. 203, 218 P.2d 1031. But the father is entitled to a full hearing in that forum as a matter of right.

The writ should be made permanent, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN, and SEYMOUR, JJ., concur.