283 P.2d 1073

Lottie SMITH, Plaintiff-Appellant,

v.

Bryan SOUTH, Defendant-Appellee.

No. 5883.

Supreme Court of New Mexico.

May 18, 1955.

Dee C. Blythe, Clovis, for appellant.

Mears & Mears, Portales, for appellee.

COMPTON, Chief Justice.

The parties were divorced on May 12, 1945, in the State of Washington. The decree awarded the care, custody and control of their minor child to appellant and directed appellee to pay $30 monthly for her support. Subsequently, they established residence in New Mexico, and appellant, having remarried, brought this action to collect $870, arrearages allegedly due her under the decree of the Washington Court. Shortly thereafter, on June 8, 1949, the parties entered into an agreement which expressly provides that appellant waives her claim to any amount previously due for child support under the Washington judgment, and that custody of the child be given to appellee each year during the school term. It also provides that during June, July and August the mother was to have her custody and appellee was to pay $25 per month for her support. On the same day the agreement was presented to and approved by the court. Later, on April 14, 1954, plaintiff filed a motion to set aside the agreement and to enforce the decree of the Washington Court. The motion alleges that appellee had then defaulted to the extent of $3,490. She further alleges that the agreement was induced by fraud and that there had been a failure of consideration. As an alternative, she sought reimbursement in the amount of $3,000 for money which had been expended by her in the support of the child while appellee was in default. Defendant answered, denying the material allegations. He alleges that he complied with all the terms of the agreement; that on or about June 1, 1951, he sent the child to her mother in Florida; that thereafter appellant changed her address and that he was unable to locate them; that he had no knowledge of their whereabouts until the child telephoned him from Houston, Texas, and that he sent funds for her; that at all times he has shown proper parental care toward the child; that on February 15, 1954, appellant arbitrarily assumed full time custody of her. He then prayed that custody be awarded to him. At the conclusion of the hearing on the merits, the court made the following findings and conclusions:

*"Findings of Fact*

*"1.*

"That the plaintiff and defendant were divorced by final decree of the Superior Court of the State of Washington, in and for the County of Clark, on May 12, 1945; that pursuant to the terms of the interlocutory decree made by said Court on June 23, 1944, the legal custody of the minor child of the parties, Bonita South, was granted to the plaintiff, that defendant was to pay

the sum of $30.00 per month for the support of said child.

## "2.

"That on or about May 24, 1949, the plaintiff filed a complaint in this Court praying the Court to render judgment to plaintiff for the sum of $870.00, alleged to be due and owing plaintiff for accrued support under the terms of the Washington decree and for an award of $100.00 per month for the future support of said minor child; that plaintiff was represented by competent counsel in said action; that as a result of the filing of said complaint the parties voluntarily, in good faith, and for a sufficient monetary consideration paid to plaintiff, entered into an agreement concerning the custody and support of the said Bonita South; that said agreement was accepted, approved, and subscribed by both parties, and approved by counsel for plaintiff on June 8, 1949, and that said agreement was then approved by order of this Court on June 8, 1949.

## "3.

"That on the —— day of ——, 1954, Bonita South was found by the Juvenile Court of the Ninth Judicial District, State of New Mexico, to be a juvenile delinquent and was on the same day made a ward of said Court."

## "Conclusions of Law

### "1.

"That this Court has jurisdiction of the persons and subject matter involved herein.

### "2.

"That the agreement entered into between the parties on June 8, 1949, was a valid and binding contract, and said agreement become the order of this Court, in all respects the same as though fully set out, on June 8, 1949, when it was approved as the judgment and order of this Court.

### "3.

"That the best interests of Bonita South require that she be placed in a private boarding school at the cost of the defendant."

■■■ Appellant challenges first the jurisdiction of the trial court to make the order of June 8, 1949, and next, the validity of the order since the agreement was not incorporated therein. That the Washington judgment is entitled to the full faith and credit provision of the Federal Constitution, art. 4, § 1, cannot be questioned, but it is res judicata only as to points and matters of fact in issue in that cause and which were essential to a decision. Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724; Adams v. Cox, 55 N.M. 444, 234 P.2d 1043; Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142

A.L.R. 1237. We held in Adams v. Cox, supra, that to make matters res judicata, there must be an identity of subject matter, causes, parties, character of persons for and against whom claim is made. While the parties are the same, obviously, there is neither identity of subject matters nor causes. Having invoked the jurisdiction of the New Mexico Court and asserted a willingness to be bound thereby, appellant is in no position to complain.

■ While it would have been better practice to incorporate into the order the stipulation upon which the order was based, nevertheless, the order is equally effective as if it had been done. In Emrich v. McNeil, 75 U.S.App.D.C. 307, 126 F.2d 841, 843, 146 A.L.R. 1146, commenting upon the failure of the trial court to incorporate into the decree the agreement of the parties, the court said:

"It may be observed in passing that it would seem to be better practice—if the court approves such a stipulation—that it should be incorporated into the decree itself. But, even though this was not done in the present case, no reason appears for denying, to the stipulation, equal effectiveness as if it had been done; at least so long as, and to the extent that, it received the tacit approval of the court and was carried out by the parties. It was the duty of the court to act for the protection of the child and the situation is one, consequently, in which it is proper to assume that its official duty was performed."

The annotator at 154 A.L.R., § 11 a(1), p. 449, summarizes the holdings of the courts, as follows:

"By the great weight of authority, the mere fact that a provision in a decree of divorce ordering the payment of alimony or support is made pursuant to the consent or agreement of the parties, or adopts or incorporates the provisions of their agreement as to the liability for and amount of such alimony or support, is no defense to a charge of contempt of court predicated upon failure to comply with such provision of the decree, it being generally considered that the court's order, although adopting the provisions of the parties' agreement, is, if otherwise a valid order for alimony or support, just as enforceable by contempt proceedings as an order for alimony which is made after a contest upon that issue without any agreement or consent of the parties."

■ Concerning child custody, the Washington decree is not conclusive for all time. In this jurisdiction, the welfare of the child, wherever it may be found, is the controlling consideration and the courts will not hesitate to exercise its jurisdiction if warranted by changing circumstances.

State ex rel. Hockenhull v. Marshall, 58 N.M. 286, 270 P.2d 702; Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487; State ex rel. Day v. Parker, 55 N.M. 227, 230 P.2d 252; Cook v. Brownlee, 54 N.M. 227, 220 P.2d 378; Mylius v. Cargill, 19 N.M. 278, 142 P. 918, L.R.A.1915B, 154.

█ The next question requires a remand of the cause because the court failed to make specific findings and conclusions on a material issue. Whether appellee had defaulted in support payments pursuant to the order of the court, dated June 8, 1949, was a question left undetermined. Appellant testified that appellee was in default; conversely, appellee testified that he had promptly made all payments required of him. Both parties tendered specific findings and conclusions on the issue, which were refused.

The applicable statute is § 21–1–1 (52), (B), 1953 Comp., District Court Rule 52 (b). The rule reads:

"(b) Findings Of Fact—Preparation—Exceptions—Review.

"(1) Upon the trial of any case by the court without a jury, its decision which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

"(2) The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them. Such findings shall be separately stated and numbered.

"(3) Each conclusion of law shall be separately stated and numbered.

"(4) The decision herein provided for shall be signed by the court and filed in the cause as a part of the record proper.

"(5) All requested findings of fact and conclusions of law not included in the court's decision as herein provided, shall be by the court marked 'Refused', and shall be filed as a part of the record proper.

"(6) A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions.

"(7) The decision shall be contained in a single document; provided, that an amended or supplemental decision may be filed in the cause prior to entry of judgment; and provided further, that findings or conclusions not embraced in the single document herein ordered, even though appearing elsewhere in the record, will be disregarded; but where the ends of justice require the

cause may be remanded to the District Court for the making and filing of proper findings of fact and conclusions of law.

"(8) The court shall allow counsel in the cause reasonable opportunity to submit requested findings of fact and conclusions of law; but prior to acting upon such requests, shall require satisfactory proof that a copy thereof has been served on opposing counsel.

"And upon the trial of any cause by the court, without a jury in common-law cases, each party shall have the right to make all objections and take all exceptions that he might have made or taken, as if the trial had been before a jury; and upon a review, by writ of error, in the Supreme Court, or by appeal, the said Supreme Court shall hear and determine the said cause in the same manner and with the same effect as if it had been tried before a jury."

In State National Bank of El Paso, Tex. Cantrell, 46 N.M. 268, 127 P.2d 246, 249, ùs Court, in discussing the rule, said:

"It is not proper for the trial court to refuse a proposed specific finding of an ultimate fact within the issues supported by substantial evidence, believed by the Court and necessary to determine the issues in the case.

"In the case at bar the trial court, in the course of the proceedings, seemed to have taken a view reflected by the plaintiff's requested findings of fact and conclusion of law. We are unable to know with any degree of certainty, what ultimate facts deemed by the trial court to be established caused it to arrive at its decision contained in the judgment."

Also see Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385.

Other questions not presently material to a decision are presented on appeal. The cause will be remanded with instructions, after due notice to the parties, to make findings of fact and conclusions of law, solely upon issues incident to or consequent on appellee's default, if any, and render appropriate judgment thereon. Objections and exceptions to the proceedings may be made by the parties and if aggrieved by rulings thereon, provisions of paragraph 10, Rule XIV of the Rules of Appellate Procedure, relating to supplemental transcripts on second appeal will be available to them. The judgment is otherwise affirmed, and It Is So Ordered.

LUJAN, SADLER and KIKER, JJ., concur.

McGHEE, J., dissenting in part.

McGHEE, Justice (dissenting in part).

Too many questions posed by this appeal are left unanswered in the majority opinion.

In this case issues were made and evidence was tendered and received as to the amount of payments made, the amounts claimed to be due, the arrangement for custody and the respective blame of the mother and father in the matter of the failure of the father to have actual custody of Bonita under the provisions of the court approved agreement. Findings of fact and conclusions of law on the points were requested by each of the parties. The trial court made no findings respecting the culpability of the parties as to the custody situation and did not pass upon the legal propositions.

In my view, aside from the factual question as to the culpability of the parents, there are properly before this Court the following questions of law: What is the basis on which the default of the defendant is to be determined? Has the Washington decree spent its force with the approval of the agreement of the parties made subsequent thereto; or, upon default by the father upon the agreement, if such be found, is the Washington decree reinstated? Or is the monetary default of the father to be arrived at on the basis of $25 per month for the summer months during which the mother was awarded custody under the approved agreement? And what about the months during the school years when the mother had actual custody of the child,

but custody under the approved agreement was to be in the father? Could it be said there was a tacit agreement to accept the $25 per month set for the summer months as support during the winter or school months that the mother cared for Bonita, or should the mother recover on an alternative basis of quantum meruit, or recover nothing at all for such months?

None of these questions, except possibly by implication the one about the force of the Washington decree, have been answered.

Not only were these matters litigated, but they formed the substantial issues of the trial. It is possible that a determination of the correct legal principles controlling these questions might disclose that culpability of the parents is not the decisive factor in determining liability for support, in which event this case perhaps could have been remanded only for the trial court to compute the arrearages, and that would be the end of it.

As the trial court may make findings and conclusions objectionable to one side or the other, with no direction in these matters, and as the legal questions appear to me to be properly before us on this appeal, it seems wrong to direct the plaintiff and defendant to bring them back on a second appeal.

I must, therefore, dissent from the refusal of the majority to pass upon these important questions.